**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
aapton@zlk.com
388 Market Street, Suite 1300
San Francisco, CA 94111
Telephone: 415-373-1671
Facsimile: 212-363-7171

Mark S. Reich (admitted *pro hac vice*)
mreich@zlk.com
Courtney E. Maccarone (admitted *pro hac vice*)
cmaccarone@zlk.com
55 Broadway, 10th Floor
New York, NY 10006
Telephone: 212-363-7500
Facsimile: 212-363-7171

*Attorneys for Plaintiffs and the Proposed Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER CALISE and ANASTASIA GROSCHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FACEBOOK, INC.,<br><br>Defendant. | Case No. 4:21-cv-06186-JSW<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: February 25, 2022<br>Time: 9:00 a.m.<br>Courtroom: 5 – 2nd Floor<br>Hon: Jeffrey S. White |

**TO THE COURT AND ALL PARTIES OF RECORD:**

Pursuant to Federal Rules of Evidence, Rule 201, Plaintiffs Christopher Calise and Anastasia Groschen ("Plaintiffs"), respectfully request that the Court take judicial notice of the following documents attached to the Declaration of Mark S. Reich in Support of Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss:

1. **Exhibit 1** – Brief for the State of Texas and 24 Other States as Amici Curiae In Support of Petitioner, *Jane Doe, Petitioner v. Facebook, Inc.*, No. 21-459 (U.S. Oct. 15, 2021).

2. **Exhibit 2** – Brief of Amici Curiae Federal Trade Commission, Consumer Financial Protection Bureau, and North Carolina, *Henderson, et al., Plaintiffs-Appellants, v. The Source For Public Data, L.P., et al., Defendants-Appellees*, No. 21-1678 (4th Cir. Oct. 14, 2021).

3. **Exhibit 3 –** Congressional Research Service Report by Valerie C. Brannon & Eric N. Holmes, *Section 230: An Overview,* CONGRESSIONAL RESEARCH SERVICE, (April 7, 2021), https://crsreports.congress.gov/product/pdf/R/R46751 (last visited December 6, 2021).

4. **Exhibit 4 –** Article by Daisuke Wakabayashi, *Legal Shield for Social Media Is Targeted by Lawmakers,* THE NEW YORK TIMES (May 28, 2020; Updated Dec. 15, 2020), https://www.nytimes.com/2020/05/28/business/section-230-internet-speech.html (last visited December 6, 2021).

5. **Exhibit 5 –** Compilation of true and correct copies of public news articles regarding Facebook:

   a. **Exhibit 5.1**: Article by Karen Hao, *How Facebook and Google Fund Global Misinformation, MIT TECHNOLOGY REVIEW,* (November 20, 2021), https://www.technologyreview.com/2021/11/20/1039076/facebook-google-disinformation-clickbait/ (last visited December 6, 2021).

   b. **Exhibit 5.2**: Article by Darius Tahir, *Facebook political ad ban blocks pro-vaccine messages,* POLITICO (February 21, 2021), https://www.politico.com/news/2021/02/21/facebook-ad-pro-vaccine-ban-470304 (last visited December 6, 2021).

c. **Exhibit 5.3**: Article by Elizabeth Culliford & Fanny Potkin, *Exclusive*: *Facebook targets harmful real networks, using playbook against fakes,* REUTERS (September 17, 2021), https://www.reuters.com/technology/exclusive-facebook-target-harmful-coordination-by-real-accounts-using-playbook-2021-09-16/ (last visited December 6, 2021).

d. **Exhibit 5.4**: Article by Clare Duffy, *Facebook has known it has a human trafficking problem for years. It still hasn't fully fixed it,* CNN BUSINESS (October 25, 2021), https://www.cnn.com/2021/10/25/tech/facebook-instagram-app-store-ban-human-trafficking/index.html (last visited December 6, 2021).

e. **Exhibit 5.5**: Article by Barbara Ortutay, *Facebook parent Meta to remove sensitive ad categories,* AP NEWS (November 9, 2021), https://apnews.com/article/technology-business-misinformation-marriage-religion-aeb83a4553c8c9c6a5b26819fbdbb7e1 (last visited December 6, 2021).

f. **Exhibit 5.6**: Article by Queenie Wong, *Facebook exec grilled by lawmakers over mental health impact on children,* CNET (September 30, 2021), https://www.cnet.com/news/facebook-exec-grilled-by-lawmakers-over-mental-health-impact-on-children/ (last visited on December 6, 2021).

g. **Exhibit 5.7:** Article by Brian Witte, *Maryland congressman deactivates Facebook account,* AP NEWS (October 27, 2021), https://apnews.com/article/technology-business-maryland-congress-facebook-cff94efaf809f29c923552be932c8514 (last visited December 6, 2021).

h. **Exhibit 5.8**: Article by Aaron Mackey, *Facebook's Pitch to Congress: Section 230 for Me, But not for Thee,* ELECTRONIC FRONTIER FOUNDATION (March 24, 2021), https://www.eff.org/deeplinks/2021/03/facebooks-pitch-congress-section-230-me-not-thee (last visited December 6, 2021).

i. **Exhibit 5.9**: Article by Taylor Hatmaker, *Facebook changes misinfo rules to allow posts claiming COVID-19 is a man-made,* TECHCRUNCH (May 28,2021), https://techcrunch.com/2021/05/28/facebook-covid-man-made-lab-theory/ (last visited December 6, 2021).

j. **Exhibit 5.10**: Article by Cristiano Lima, *The Technology 202: Facebook shuttered a crucial tool for oversight. Lawmakers say it just made their jobs harder,* (August 5, 2021), THE WASHINTON POST https://www.washingtonpost.com/politics/2021/08/05/technology-202-facebook-shuttered-crucial-tool-oversight-lawmakers-say-it-just-made-their-jobs-harder/ (last visited December 6, 2021).

**LEGAL AUTHORITY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE**

Federal Rule of Evidence 201 authorizes this Court to take judicial notice of the preceding Exhibits because they are "not subject to reasonable dispute in that" they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. Rule Evid. 201(b); *Singh v. Ashcroft*, 393 F.3d 903, 905 (9th Cir. 2004). Accordingly, courts may take judicial notice of matters of public record but not disputed facts contained in the public record. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 994 (9th Cir. 2018). Rule 201 mandates that judicial notice be taken where it is "requested by a party and supplied with the necessary information," Fed. Rule Evid. 201(d), and authorizes judicial notice "at any stage of the proceeding," *Id.* at 201(f). Further, a court may take judicial notice of its own documents or documents filed before other courts. *In re Swift Air,* 2020 U.S. Dist. LEXIS 227038, *114-15, (D. Ariz. 2020). "When a court takes judicial notice of another court's records, 'it may do so not for the truth of the facts recited therein, but for the existence of the [record], which is not subject to reasonable dispute over its authenticity.'" *Id.* at 115 (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). "Courts have taken judicial notice of amicus briefs in other actions under Rule 201 as court records." *In re NJOY Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1067 (C.D. Cal. 2015).

This Court may take judicial notice of court filing, particularly amicus briefs (*see, e.g.*, Exhibits 1 and 2 listed above) pursuant to Federal Rules of Evidence Rule 201 because they are court documents filed in another court whose authenticity is not subject to reasonable dispute and the existence of which can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1025 (C.D. Cal. 2014) (taking judicial notice of amicus brief for another case); *see generally Kranich v. Girardi*, 720 F. App'x 870, 871, (9th Cir. 2018) (taking judicial notice of documents filed before another court).

This Court may also take judicial notice of online government documents, news reports, articles (*see, e.g.,* Exhibit 3). "It is not uncommon for courts to take judicial notice of factual information found on the world wide web." *Luviano v. Multi Cable, Inc.*, 2017 U.S. Dist. LEXIS 32349, 14 (C.D. Cal. 2017) (quoting *O'Toole v. Norhtrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007)). "Public records and government documents are generally considered not to be subject to reasonable dispute . . . . This includes public records and government documents available from reliable sources on the Internet." *Luviano*, 2017 U.S. Dist. LEXIS 32349 at 14 (quoting *United States ex rel. Dingle v. Bioport Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003)). Thus, government agency websites are often "treated as proper subjects for judicial notice." *Id*.

Courts may also take judicial notice of press releases, reports, and news articles to "indicate what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2009) (citing *Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n. 15 (3d Cir. 2006)).

Judicial notice of Exhibits 4 and 5 is warranted, as these exhibits are articles found on easily accessible websites, run by reputable news or government agencies. The contents of the articles are not offered for the truth, but rather to indicate what information is in the public realm about Facebook and the industry it operates in.

**CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully request that this Court take judicial notice of the above-referenced documents listed as Exhibits 1 through 5.10.

Dated: December 6, 2021

Respectfully submitted,

By: */s/ Mark S. Reich*

LEVI & KORSINSKY, LLP
Mark S. Reich (admitted *pro hac vice*)
mreich@zlk.com
Courtney E. Maccarone (admitted *pro hac vice*)
cmaccarone@zlk.com
55 Broadway, 10th Floor
New York, NY 10006
Telephone: 212-363-7500
Facsimile: 212-363-7171

Adam M. Apton (SBN 316506)
aapton@zlk.com
388 Market Street, Suite 1300
San Francisco, CA 94111
Telephone: 415-373-1671
Facsimile: 212-363-7171