GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
    cchorba@gibsondunn.com
SAMUEL ECKMAN, SBN 308923
    seckman@gibsondunn.com
JEREMY WEESE, SBN 336180
    jweese@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520

ERIN MARIE CHOI*
    echoi@gibsondunn.com
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900

*Admitted pro hac vice

*Attorneys for Defendant
Meta Platforms, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| CHRISTOPHER CALISE and ANASTASIA GROSCHEN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | CASE NO. 4:21-CV-06186-JSW <br><br> **DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT** |

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

Defendant Meta Platforms, Inc. hereby answers the Amended Class Action Complaint filed by plaintiffs on December 20, 2024, according to its numbered paragraphs as follows below.  Meta denies all allegations in the complaint not expressly admitted herein.  Meta further denies that plaintiffs are entitled to the relief requested, or any other relief.

Meta states that the headings, sub-headings, and footnotes throughout the Amended Complaint do not constitute well-pled allegations of fact, and therefore require no response.  To the extent a response is required, Meta denies the allegations in the headings, sub-headings, and footnotes, except as otherwise stated.

Meta states that it has made a reasonable inquiry into the allegations in the Amended Complaint, but that its factual investigation is ongoing.  Meta reserves the right to seek to amend and/or supplement its Answer as may be necessary.  By filing this Answer, Meta does not waive—and hereby expressly preserves—its defenses under Federal Rule of Civil Procedure 12(b) or any other defenses asserted in future motions or submissions to the Court.

## "NATURE OF THE ACTION"

1. The allegations in paragraph 1 constitute conclusions of law for which no response is required.  Except as expressly stated, Meta otherwise denies the allegations in paragraph 1.

2. Meta admits that it collects certain data from people who use Facebook, and that one purpose of collecting such data is to provide a personalized experience to such people, including through ads. Meta admits that it generates revenue from advertising, and that ad targeting tools allow advertisers to select certain criteria for the audience they want to reach.  Except as expressly stated, Meta otherwise denies the allegations contained in paragraph 2.

3. Meta admits that it generates revenue from advertising, and that ad targeting tools allow advertisers to select certain criteria for the audience they want to reach.  The allegations in paragraph 3 (and footnote 3) purport to characterize and cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly cite certain figures from the referenced document, but denies plaintiffs' characterization of the document.  Except as expressly stated, Meta otherwise denies each and every allegation in paragraph 3.

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

4.    The allegations in the first and second sentences of paragraph 4 constitute conclusions of law for which no response is required.  To the extent a response is required, Meta denies the allegations in the first and second sentences of paragraph 4.  Meta denies the allegations in the third sentence of paragraph 4.

5.    Meta denies the allegations in paragraph 5.  As to the allegations in paragraph 5 that purport attribution to unidentified documents, employees, contractors, and investigations, Meta lacks information sufficient to admit or deny the accuracy of those purported sources and on that basis denies them.

6.    Meta admits that it generates revenue from advertising, and that it has sales teams that operate worldwide.  Meta further admits that it makes resources available to advertisers to help them create advertising campaigns on Meta's services, including Facebook.  To the extent the allegations in paragraph 6 purport attribution to unidentified sources, Meta lacks information sufficient to admit or deny the accuracy of those purported sources and on that basis denies them.  Except as expressly stated, Meta otherwise denies the allegations in paragraph 6.

7.    Advertisers running ads on Meta's services must follow Meta's Community Standards and Advertising Standards, including Meta's policy regarding Unacceptable Business Practices in Advertising, which states that "Ads must not promote products, services, schemes or offers using identified deceptive or misleading practices, including those meant to scam people out of money or personal information."  Meta employs tools and strategies to review ads for compliance with its applicable policies and may reject or take down ads when it determines that they do not comply with those policies.  To the extent the allegations in paragraph 7 purport attribution to unidentified sources, Meta lacks information sufficient to admit or deny the accuracy of those purported sources and on that basis denies them.  Except as expressly stated, Meta otherwise denies the allegations in paragraph 7.

8.    The allegations in paragraph 8 (and footnote 4) purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 8 and on that basis denies them.

9.    The allegations in the third sentence of paragraph 9 (and footnote 5) purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 9 and on that basis denies them. Meta denies the remainder of the allegations in paragraph 9.

10.    The allegations in paragraph 10 are conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 10.

11.    The allegations in paragraph 11 are conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 11.

12.    The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. Further, the allegations in paragraph 12 are conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 12.

13.    The allegations in paragraph 13 are conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 13.

**"PARTIES"**

14.    Meta lacks information sufficient to admit or deny the allegation in paragraph 14.

15.    Meta lacks information sufficient to admit or deny the allegation in paragraph 15.

16.    The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. To the extent a response is required, Meta lacks information sufficient to admit or deny the allegations in paragraph 16.

17.    Meta admits it is a publicly-traded Delaware corporation, and that Meta's corporate headquarters are located at 1 Meta Way, Menlo Park, California 94025. Except as expressly stated, Meta otherwise denies the allegations in paragraph 17.

18.    Meta denies the allegations in paragraph 18.

19.    Meta admits that it owns and operates Facebook and Instagram. Except as expressly stated, Meta otherwise denies the allegations in paragraph 19.

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

## "JURISDICTION, VENUE, AND CHOICE OF LAW"

20.    The allegations in paragraph 20 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 20.

21.    The allegations in paragraph 21 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 21.

22.    Meta admits that it has a principal place of business in the Northern District of California and conducts business transactions in the Northern District of California.  Meta denies plaintiffs' characterization of its conduct and denies that its conduct provides the basis for any actionable claim. The remaining allegations in paragraph 22 are conclusions of law, to which no responsive pleading is required and which Meta therefore denies.

## "FACTUAL ALLEGATIONS"

### A.    "The User Data Fueling Meta's Advertising Revenue"

23.    Meta admits that it builds technology that helps people to connect and share.  Meta further admits that it offers a number of services, including Facebook.  Except as expressly stated, Meta otherwise denies the allegations in paragraph 23.

24.    The allegations in the first sentence of paragraph 24 (and footnote 6) purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies that Meta created or is otherwise responsible for the document.  The allegations in the second sentence of paragraph 24 (and footnote 7) purport to cite documents that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 24 and on that basis denies them.  The third sentence of paragraph 24 (and footnote 8) purports to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 24 and on that basis denies them.  Except as expressly stated, Meta otherwise denies the allegations in paragraph 24.

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

25.     Meta admits that it does not charge people to use Facebook.[1] Meta further admits that it generates revenue from advertising.  The third sentence of paragraph 25 (and footnote 9) purport to cite and characterize a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly cite certain figures from the referenced document, but denies plaintiffs' characterization of the document.  Except as expressly stated, Meta otherwise denies the allegations in paragraph 25.

26.     The allegations in paragraph 26 (and footnote 10) purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta denies plaintiffs' characterization of the cited document as representing active monthly advertisers as of July 2, 2021.  Meta admits that the cited document states, "There are more than 7 million active advertisers on Facebook," and "Source: Facebook Data, Feb 2019."  Except as expressly stated, Meta otherwise denies the allegations in paragraph 26.

27.     Meta admits that it collects certain data from people who use Facebook, and that one purpose of collecting such data is to provide a personalized experience to such people, including through ads.  Meta further admits that Mark Zuckerberg testified before the Senate's Commerce and Judiciary Committees on April 10, 2018, and that his testimony speaks for itself.  Except as expressly stated, Meta otherwise denies the allegations contained in paragraph 27.

28.     Meta admits that it collects certain data from people who use Facebook, and that one purpose of collecting such data is to provide a personalized experience to such people, including through ads. The second, third, and fourth sentences of paragraph 28 (and footnotes 12 and 13) purport to cite documents that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, except as expressly stated, Meta lacks knowledge or information sufficient to admit or deny the allegations in these sentences and on that basis denies them.

29.     Meta admits that it collects certain data from people who use Facebook. The allegations in paragraph 29 (and footnote 14) purport to cite a document that speaks for itself, and no further

---

[1] Meta also offers a no-ads, paid subscription option for users in the EU for both Facebook and Instagram. *See Facebook and Instagram to Offer Subscription for No Ads in Europe*, FACEBOOK, https://about.fb.com/news/2024/11/facebook-and-instagram-to-offer-subscription-for-no-ads-in-europe/ (November 12, 2024).

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

responsive pleading is required.  To the extent a response is required, the link in footnote 14 goes to a webpage that states "You found a page that doesn't exist," so Meta lacks information sufficient to admit or deny the accuracy of these allegations and on that basis denies them.  Except as expressly stated, Meta otherwise denies the allegations in paragraph 29.

30.    The allegations in paragraph 30 (and footnote 15) purport to cite and characterize a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that the cited document states that "Each time there's an opportunity to show an ad to someone, an auction takes place to determine which ad to show to that person.  Billions of auctions take place everyday on Facebook and other Meta technologies" and that the auction factors include "An estimate of whether a particular person engages with or converts from a particular ad (in other words, the probability that showing an ad to a person leads to that desired outcome of the advertiser)."  Meta otherwise denies plaintiffs' characterization of the document.  Except as expressly stated, Meta otherwise denies the allegation in paragraph 30.

31.    The allegations in paragraph 31 (and footnote 16) purport to cite and characterize a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta admits that the cited document states that an ad's "total value is a combination of 3 major factors" which are "bid," "estimated action rates," and "ad quality," and that the "Estimated action rates [is] an estimate of whether a particular person engages with or converts from a particular ad (in other words, the probability that showing an ad to a person leads to that desired outcome of the advertiser)," and that "Ad quality [is] A measure of the quality of an ad as determined from many sources including feedback from people viewing or hiding the ad and assessments of low-quality attributes in the ad, such as withholding information, sensationalized language and engagement bait."  Meta otherwise denies plaintiffs' characterization of the document.  Except as expressly stated, Meta otherwise denies the allegations in paragraph 31.

**B.    "Facebook's Terms of Service"**

32.    The allegations in paragraph 32 purport to quote from Meta's operative Terms of Service, which, in their full and correct form, speak for themselves, and no further responsive pleading

Gibson, Dunn &
Crutcher LLP

7

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote certain portions of the Terms of Service, but plaintiffs' selective excerpts are incomplete and improperly characterize the Terms of Service by adding emphases, and on these bases, Meta denies plaintiffs' characterization of the Terms of Service.  With respect to footnote 17, Meta admits that the currently operative Terms of Service differ from the Terms of Service that were operative at the time of the original complaint.  Meta denies plaintiffs' characterization of the Terms of Service, and refers to the document in its full and correct form, and otherwise denies the allegations in paragraph 32.

33.    The allegations in paragraph 33 purport to quote from Meta's operative Terms of Service, which, in their full and correct form, speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote certain portions of the Terms of Service, but plaintiffs' selective excerpts are incomplete and improperly characterize the Terms of Service by adding emphases and, on these bases, Meta denies plaintiffs' characterization of the Terms of Service, and refers to the document in its full and correct form.  Meta otherwise denies the allegations in paragraph 33.

34.    The allegations in paragraph 34 purport to quote from Meta's operative Community Standards, which, in their full and correct form, speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote certain portions of the Community Standards but that plaintiffs' selective excerpts are incomplete and improperly characterize the Terms of Service by adding emphases and inserting language in brackets, and denies plaintiffs' characterization of the Community Standards on these bases.  With respect to footnotes 18 and 19, Meta admits that the currently operative Community Standards differ from the Community Standards that were operative at the time of the original complaint.  Meta denies plaintiffs' characterization of the Community Standards, and refers to the document in its full and correct form, and otherwise denies the allegations in paragraph 34.

35.    The allegations in the first sentence of paragraph 35 purport to quote from Meta's operative Terms of Service, which, in their full and correct form, speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs

Gibson, Dunn & Crutcher LLP

correctly quote certain portions of the Terms of Service, but plaintiffs' selective excerpts are incomplete, and on these bases Meta denies plaintiffs' characterization of the Terms of Service. The allegations in the second and third sentences of paragraph 35 purport to cite to Meta's operative Advertising Standards (previously called the Advertising Standards), which, in their full and correct form, speak for themselves, and no further responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote certain portions of the Advertising Standards, but that plaintiffs' selective excerpts are incomplete, and on these bases, Meta denies plaintiffs' characterization of the Advertising Standards' terms. With respect to footnotes 20 and 21, Meta admits that the currently operative Advertising Standards differ from the Advertising Standards that were operative at the time of the original complaint. Meta denies plaintiffs' characterization of the Advertising Standards, and refers to the document in its full and correct form.

C.      **"How Meta Has Actively Solicited, Encouraged and Assisted Scammers"**

36.    The allegations in paragraph 36 (and footnote 22) purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 36 and on that basis denies them.

37.    The allegations in paragraph 37 purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 37 and on that basis denies them.

38.    The allegations in paragraph 38 (and footnote 23) purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 38 and on that basis denies them.

39.    The allegations in paragraph 39 (and footnote 24) purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 39 and on that basis denies them.

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

40. The allegations in paragraph 40 (and footnote 25) purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 40 and on that basis denies them.

41. The allegations in paragraph 41 (and footnote 26) purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 41 and on that basis denies them.

42. The allegations in paragraph 42 (and footnotes 27 and 28) purport to cite documents that speak for themselves, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 42 and on that basis denies them.

43. The allegations in paragraph 43 (and footnotes 29, 30, and 31) purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 43 and on that basis denies them.

**D.    "How Meta has Actively Solicited, Encouraged and Assisted Scammers Based in China"**

44. The allegations in paragraph 44 purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 44 and on that basis denies them.

45. Meta admits that some of its services are not generally available in China. Meta further admits that it generated China-based advertising revenue. Except as expressly stated, Meta otherwise denies the allegations in paragraph 45.

**a.    "The February 2019 New York Times Investigative Report"**

46. The allegations in paragraph 46 (and footnote 32) purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta

lacks knowledge or information sufficient to admit or deny the allegations in paragraph 46 and on that basis denies them.

47. The allegations in paragraph 47 purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 47 and on that basis denies them.

### b. "The January 2020 Reuters Investigative Report"

48. The allegations in paragraph 48 (and footnote 33) purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 48 and on that basis denies them.

49. The allegations in paragraph 49 (and footnote 34) purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 49 and on that basis denies them.

50. The allegations in paragraph 50 (and footnote 35) purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 50 and on that basis denies them.

### c. "The December 2020 Reuters Investigative Report"

51. The allegations in paragraph 51 (and footnote 36) purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 51 and on that basis denies them.

52. Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 52 and on that basis denies them.

53. The image in paragraph 53 appears to be an unattributed screenshot created by plaintiffs. Meta lacks knowledge or information sufficient to admit or deny the veracity of the image. Meta lacks

Gibson, Dunn & Crutcher LLP

11

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

knowledge or information sufficient to admit or deny the allegations in paragraph 53 and on that basis denies them.

54.    Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 54 and on that basis denies them.

55.    The allegations in paragraph 55 (and footnote 37) purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 55 and on that basis denies them.

56.    The allegations in paragraph 56 (and footnote 38) purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 56 and on that basis denies them.

57.    Meta denies plaintiffs' characterization of its conduct in the first sentence of this paragraph and denies that the alleged conduct provides the basis for any actionable claim.  The remaining allegations in paragraph 57 (and footnote 39) purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 57 and on that basis denies them.

58.    Meta admits that it barred ZestAds' accounts and Pages from running ads on Facebook. The remaining allegations in paragraph 58 (and footnote 40) purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 58 and on that basis denies them.

### d.    "The December 2020 Time Investigative Report"

59.    The allegations in paragraph 59 (and footnote 41) purport to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta

lacks knowledge or information sufficient to admit or deny the allegations in paragraph 59 and on that basis denies them.

60. The allegations in paragraph 60 purport to summarize a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 60 and on that basis denies them.

61. The allegations in paragraph 61 purport to summarize a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 61 and on that basis denies them.

**E.     "FTC Data Shows That the Volume of Scam Ads on Social Media Sites Like Facebook is Growing Rapidly"**

62. The allegations in paragraph 62 purport to summarize a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 62 and on that basis denies them.

63. The allegations in paragraph 63 purport to summarize a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 63 and on that basis denies them.

64. The allegations in paragraph 64 purport to summarize a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 64 and on that basis denies them.

**F.     "Meta Has No Incentive to Crack Down on Scam Ads"**

65. Meta works to prevent and remove ads and other content that violates its policies. Advertisers running ads on Meta's services must agree to Meta's Community Standards and

Gibson, Dunn &
Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

Advertising Standards, including Meta's policy regarding Unacceptable Business Practices in Advertising, which states that "Ads must not promote products, services, schemes or offers using identified deceptive or misleading practices, including those meant to scam people out of money or personal information." Meta employs tools and strategies to review ads for compliance with its applicable policies and may reject or take down ads when it determines that they do not comply with those policies. Under Meta's policies, Meta's ad review system reviews ads for potential violations, and that all ads remain subject to re-review. The remaining allegations in paragraph 65 (and footnote 42) purport to cite a document that speaks for itself, and no further responsive pleading is required. To the extent a response is required, except as expressly stated, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 65, and on that basis denies them.

66. Meta works to prevent and remove ads and other content that violate its policies. Advertisers running ads on Meta's services must agree to Meta's Community Standards and Advertising Standards, including Meta's policy regarding Unacceptable Business Practices in Advertising, which states that "Ads must not promote products, services, schemes or offers using identified deceptive or misleading practices, including those meant to scam people out of money or personal information." Meta employs tools and strategies to review ads for compliance with its applicable policies and may reject or take down ads when it determines that they do not comply with those policies. Under Meta's policies, Meta's ad review system reviews ads for potential violations, and that all ads remain subject to re-review. Meta denies the allegations in the first sentence of paragraph 66. The allegations in the second and third sentences of paragraph 66 (and footnotes 43 and 44) purport to cite documents that speak for themselves, and no further responsive pleading is required. To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 66 and on that basis denies them.

67. Meta denies the allegations in the first sentence of paragraph 67. Meta denies the allegations in the seventh sentence of paragraph 67. The allegations in paragraph 67 (and footnotes 45, 46, and 47) purport to cite documents that speak for themselves, and no further responsive pleading is

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 67 and on that basis denies them.

68.    The allegations in paragraph 68 (and footnote 48) purport to cite documents that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 68 and on that basis denies them.

69.    The image in paragraph 69 appears to be a screenshot created by plaintiffs of the webpage linked in footnote 49.  That webpage speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 69 and on that basis denies them.

70.    The image in paragraph 70 appears to be a screenshot created by plaintiffs of a Facebook group webpage with the name "False Advertising on Facebook."  That webpage speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 70 and on that basis denies them.

71.    The image in paragraph 71 appears to be an unattributed screenshot created by plaintiffs.  Meta lacks knowledge or information about the veracity of the image.  Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 71 and on that basis denies them.

72.    Meta denies the allegations in the first and second sentences of paragraph 72.  The third sentence of paragraph 72 purports to cite documents that speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 72 and on that basis denies them.

### **"PLAINTIFFS' EXPERIENCES"**

#### **"Christopher Calise"**

73.    Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 73 and on that basis denies them.

Gibson, Dunn & Crutcher LLP

15

74.    The image in paragraph 74 appears to be a screenshot created by plaintiffs.  Meta lacks knowledge or information about the veracity of the image.  Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 74 and on that basis denies them.

75.    Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 75 and on that basis denies them.

76.    Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 76 and on that basis denies them.

77.    The image in paragraph 77 appears to be a screenshot created by plaintiffs, and Meta lacks knowledge or information about the veracity of the image.  Meta lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 77 and on that basis denies them.

78.    The image in paragraph 78 appears to be a screenshot created by plaintiffs, and Meta lacks knowledge or information about the veracity of the image.  Meta lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 78 and on that basis denies them.

79.    Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 79 and on that basis denies them.

80.    Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 80 and on that basis denies them.

81.    Meta denies the allegations in paragraph 81.

82.    Meta admits that Mr. Calise made a pre-suit demand on June 1, 2021, through counsel, and that no settlement was reached.  Except as expressly stated, Meta denies the allegations in paragraph 82.

**"Terri Bohl"**

83.    Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 83 and on that basis denies them.

84.    The images in paragraph 84 appear to be images created by plaintiffs, and Meta lacks knowledge or information about the veracity of the images.  Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 84 and on that basis denies them.

85.      The image in paragraph 85 appears to be an image created by plaintiffs, and Meta lacks knowledge or information about the veracity of the image.  Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 85 and on that basis denies them.

86.      The image in paragraph 86 appears to be an image created by plaintiffs, and Meta lacks knowledge or information about the veracity of the image.  Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 86 and on that basis denies them.

87.      Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 87 and on that basis denies them.

88.      Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 88 and on that basis denies them.

89.      Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 89 and on that basis denies them.

90.      Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 90 and on that basis denies them.

91.      Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 91 and on that basis denies them.

92.      Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 92 and on that basis denies them.

93.      Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 93 and on that basis denies them.

94.      Meta denies the allegations in paragraph 94.

**"Noah Faerber"**

95.      The Court has dismissed plaintiffs' allegations regarding Mr. Faerber's failure-to-warn claim, and thus no responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 95 and on that basis denies them.

Gibson, Dunn & Crutcher LLP

17

96.     The Court has dismissed plaintiffs' allegations regarding Mr. Faerber's failure-to-warn claim, and thus no responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 96 and on that basis denies them.

97.     The Court has dismissed plaintiffs' allegations regarding Mr. Faerber's failure-to-warn claim, and thus no responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 97 and on that basis denies them.

98.     The Court has dismissed plaintiffs' allegations regarding Mr. Faerber's failure-to-warn claim, and thus no responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 98 and on that basis denies them.

99.     The Court has dismissed plaintiffs' allegations regarding Mr. Faerber's failure-to-warn claim, and thus no responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 99 and on that basis denies them.

100.     The Court has dismissed plaintiffs' allegations regarding Mr. Faerber's failure-to-warn claim, and thus no responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 100 and on that basis denies them.

101.     The Court has dismissed plaintiffs' allegations regarding Mr. Faerber's failure-to-warn claim, and thus no responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 101 and on that basis denies them.

**"ANOTHER CONSUMER'S EXPERIENCE"**

**"Anastasia Groschen"**

102.    The image in paragraph 102 appears to be a screenshot created by plaintiffs, and Meta lacks knowledge or information about the veracity of the image.  Meta lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 102 and on that basis denies them.  In response to the allegations in footnote 51, Meta admits that Ms. Groschen was a plaintiff in the original complaint filed on November 8, 2021.  Meta further admits that plaintiffs filed a Suggestion of Death on December 16, 2024, but it lacks knowledge or information sufficient to admit or deny the remaining allegations in footnote 51.

103.    Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 103 and on that basis denies them.

104.    The image in paragraph 104 appears to be an image created by plaintiffs, and Meta lacks knowledge or information about the veracity of the image.  Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 104 and on that basis denies them.

105.    The image in paragraph 105 appears to be created by plaintiffs, and Meta lacks knowledge or information about the veracity of the image.  Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 105 and on that basis denies them.

106.    The image in paragraph 106 appears to be created by plaintiffs, and Meta lacks knowledge or information about the veracity of the image.  Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 106 and on that basis denies them.

107.    Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 107 and on that basis denies them.

108.    Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 108 and on that basis denies them.

109.    Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 109 and on that basis denies them.

110.    Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 110 and on that basis denies them.

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

Gibson, Dunn &
Crutcher LLP

111.    Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 111 and on that basis denies them.

112.    Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 112 and on that basis denies them.

113.    Meta admits that paragraph 113 purports to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 113 and on that basis denies them.

114.    Meta admits that paragraph 114 purports to cite a document that speaks for itself, and no further responsive pleading is required.  To the extent a response is required, Meta lacks knowledge or information sufficient to admit or deny the allegations in paragraph 114 and on that basis denies them.

115.    Meta denies the allegations in paragraph 115.

## **"CLASS ALLEGATIONS"**

116.    The allegations in paragraph 116 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 116.  Meta denies that class certification is appropriate for this case.

117.    The allegations in paragraph 117 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 117.  Meta denies that class certification is appropriate for this case.

118.    The allegations in paragraph 118 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 118.  Meta denies that class certification is appropriate for this case.

119.    The allegations in paragraph 119 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 119.  Meta denies that class certification is appropriate for this case.

Gibson, Dunn & Crutcher LLP

20

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

120.    The allegations in paragraph 120 are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 120.  Meta denies that class certification is appropriate for this case.

121.    The allegations in paragraph 121 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 121.  Meta denies that class certification is appropriate for this case.

122.    The allegations in paragraph 122 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 122.  Meta denies that class certification is appropriate for this case.

123.    The allegations in paragraph 123 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 123.  Meta denies that class certification is appropriate for this case.

124.    The allegations in paragraph 124 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 124.  Meta denies that class certification is appropriate for this case.

125.    The allegations in paragraph 125 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 125.  Meta denies that class certification is appropriate for this case.

126.    The allegations in footnote 53 purport to cite documents which speak for themselves, and no further responsive pleading is required.  The allegations in paragraph 126 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 126.  Meta denies that class certification is appropriate for this case.

127.    The allegations in paragraph 127 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegations in paragraph 127.  Meta denies that class certification is appropriate for this case.

Gibson, Dunn & Crutcher LLP

21

128.    The allegations in paragraph 128 are conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta denies the allegation in paragraph 128.  Meta denies that class certification is appropriate for this case.

### "CAUSES OF ACTION

### COUNT I

### Breach of Contract"

129.    Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

130.    Meta admits that it requires people who use Facebook to agree to Meta's Terms of Service, which may incorporate by reference the Community Standards and the Advertising Standards.  Except as expressly stated, Meta otherwise denies the allegations in paragraph 130.

131.    The allegations in paragraph 131 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta otherwise denies the allegations in paragraph 131.

132.    The allegations in paragraph 132 purport to quote from Meta's operative Terms of Service, which, in their full and correct form, speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote certain portions of the Terms of Service, but that plaintiffs' selective excerpts are incomplete and improperly characterize the Terms of Service by adding emphases and, on these bases, Meta denies plaintiffs' characterization of the Terms of Service, and refers to the document in its full and correct form.  Meta denies the allegations in subparagraphs (a)-(f) of paragraph 132 and denies that the alleged conduct provides the basis for any actionable claim.  The remaining allegations in paragraph 132 contain conclusions of law, to which no responsive pleading is required.  To the extent a response is required, Meta otherwise denies the allegations in paragraph 132.

133.    The allegations in paragraph 133 purport to quote from Meta's operative Terms of Service, which, in their full and correct form, speak for themselves, and no further responsive pleading is required.  To the extent a response is required, Meta admits that plaintiffs correctly quote certain

portions of the Terms of Service, but that plaintiffs' selective excerpts are incomplete and improperly characterize the Terms of Service by adding emphases and, on these bases, Meta denies plaintiffs' characterization of the Terms of Service, and refers to the document in its full and correct form. The remaining allegations in paragraph 133 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta otherwise denies the allegations in paragraph 133.

134. The allegations in paragraph 134 purport to quote from Meta's operative Community Standards, which, in their full and correct form, speak for themselves, and no further responsive pleading is required. To the extent a response is required, Meta admits that plaintiffs correctly quote certain portions of the Community Standards but that plaintiffs' selective excerpts are incomplete and improperly characterize the Terms of Service by adding emphases, and denies plaintiffs' characterization of the Community Standards on these bases. The remaining allegations in paragraph 134 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 134.

135. The allegations in paragraph 135 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 135.

136. The allegations in paragraph 136 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 136. Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

### "COUNT II

### Breach of the Covenant of Good Faith and Fair Dealing"

137. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

138. The allegations in paragraph 138 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 138.

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

139. Meta admits that it requires people who use Facebook to agree to Meta's Terms of Service, which may incorporate by reference the Community Standards and the Advertising Standards. Except as expressly stated, Meta otherwise denies the allegations in paragraph 139.

140. The allegations in paragraph 140 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 140.

141. The allegations in paragraph 141 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 141.

142. The allegations in paragraph 142 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 142.

143. The allegations in paragraph 143 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 143. Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

**"COUNT III**

**Negligent Failure to Warn"**

144. Meta hereby incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

145. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. To the extent a response is required, Meta admits that it owns and operates Facebook. Except as expressly stated, Meta otherwise denies the allegations in paragraph 145.

146. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 146 contain

conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 146.

147. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 147 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 147.

148. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 148 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 148.

149. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 149 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 149.

150. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 150 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 150.

151. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 151 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 151.

152. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 152 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 152.

Gibson, Dunn & Crutcher LLP

25

153. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 153 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 153.

154. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 154 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 154.

155. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 155 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 155.

156. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 156 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 156.

157. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 157 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 157.

158. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 158 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 158.

159. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 159 contain

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 159.

160. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 160 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 160.

161. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 161 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 161.

162. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 162 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 162.

163. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 163 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 163.

164. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 164 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 164.

165. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 165 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 165.

166. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 166 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 166.

167. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 167 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 167.

168. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 168 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 168.

169. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 169 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 169.

170. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 170 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 170.

171. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 171 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required, Meta denies the allegations in paragraph 171.

172. The Court has dismissed plaintiffs' allegations regarding plaintiffs' failure-to-warn claim, and thus no responsive pleading is required. The allegations in paragraph 172 contain conclusions of law, to which no responsive pleading is required. To the extent a response is required,

Gibson, Dunn & Crutcher LLP

28

Meta denies the allegations in paragraph 172.  Meta further denies that plaintiffs have suffered any damages of any kind and that they are entitled to any form of relief.

**"PRAYER FOR RELIEF"**

Meta responds to the Prayer for Relief as follows: Meta denies that plaintiffs are entitled to relief against Meta and requests that the Court dismiss all claims against Meta with prejudice and order such further relief as the Court deems just and proper.

**"JURY DEMAND"**

Meta admits that plaintiffs purport to demand a jury trial of all issues so triable.

**AFFIRMATIVE DEFENSES**

Meta has not completed its full investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The defenses asserted herein are based on Meta's knowledge, information, and belief at this time.  By asserting the defenses herein, Meta does not knowingly and intentionally waive any applicable defenses and hereby expressly reserves the right to assert any additional defenses, cross-claims, and/or third-party claims as may be appropriate at a later time.  Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of plaintiffs' claims, Meta asserts the following separate and additional defenses:

**FIRST SEPARATE AND ADDITIONAL DEFENSE**

**(Section 230 of Communications Decency Act)**

The Amended Complaint and each purported cause of action asserted therein, are barred, in whole or in part, by Section 230 of the Communications Decency Act.  Meta is a provider of an interactive computer service.  The Amended Complaint seeks to treat Meta, under state law causes of action, as a publisher or speaker of information provided by another information content provider.

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

**(Failure to State a Claim)**

The Amended Complaint and the claims alleged therein fail to allege facts sufficient to state a cause of action against Meta upon which relief may be granted.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Plead with Particularity)

The Amended Complaint fails to plead each purported cause of action with sufficient particularity.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Speculative Damages)

The Amended Complaint and the claims alleged therein are barred, in whole or in part, because the remedies sought are speculative, remote, and impossible to ascertain, and because the damages alleged to have been suffered are speculative and not compensable under the law.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Failure to Mitigate)

The Amended Complaint and the claims alleged therein are barred, in whole or in part, to the extent discovery reveals plaintiffs and putative class members failed to mitigate their damages.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Statutes of Limitations)

The Amended Complaint and the claims alleged therein are barred, in whole or in part, by one or more statutes of limitations under applicable law.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Adequate Remedy at Law)

Plaintiffs' and the putative class members' claims for equitable and/or injunctive relief are barred to the extent there is an adequate remedy at law.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Actions Outside the Scope of Authority)

Plaintiffs' Amended Complaint and the alleged claims in it are barred, in whole or in part, because the action(s) alleged in the Amended Complaint, to the extent such action(s) occurred, was (were) outside the scope of any purported agency. Meta did not authorize, adopt, or ratify any such action(s), and/or Meta did not know of nor should have known of any such action(s).

Gibson, Dunn & Crutcher LLP

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (No Vicarious Liability)

Meta denies being vicariously liable for the acts of other parties.  Meta contends that at no time or place set forth in the Amended Complaint did any other person alleged to be at fault operate in such a way that Meta can be held vicariously liable for their acts.  Should any other person be deemed to have any affiliation with Meta, then such other person was independently responsible for their own actions, means and methods; their actions were neither required nor incident to their duties; and their actions could not have been reasonably foreseen by Meta.  Accordingly, the doctrines of respondeat superior and agency are inapplicable and Meta has no vicarious liability for acts or omissions by third parties.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Ratification)

The Amended Complaint, and each purported cause of action asserted therein, are barred, in whole or in part, because Meta did not have either actual or constructive notice or advance knowledge of any of the allegedly tortious conduct referenced in the Amended Complaint, and therefore did not knowingly or impliedly ratify any such conduct.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Breach)

The Amended Complaint and the claims alleged therein are barred, in whole or in part, because plaintiffs and the putative class members cannot show Meta breached any provision of their agreements.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Unclean Hands)

The equitable relief sought in the Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands.  Upon information and belief, plaintiffs and the putative class members knew about, consented to, participated in and/or allowed the conduct of which they now complain.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Good Faith)

31

Gibson, Dunn & Crutcher LLP

The Amended Complaint and the claims alleged therein are barred, in whole or in part, because Meta at all times acted in good faith.

### FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

**(Lack of Causation)**

The Amended Complaint and the claims alleged therein are barred, in whole or in part, because plaintiffs and putative class members have failed to allege that Meta's actions were a legal cause of plaintiffs' and the putative class members' alleged injuries.

### FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

**(No Legal Duty)**

The Amended Complaint, and each purported cause of action asserted therein, are barred, in whole or in part, because Meta does not owe a legal duty to plaintiffs.

### SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

**(Duplicative Claims)**

The Amended Complaint and the claims alleged therein are barred, in whole or in part, to the extent any of plaintiffs' and putative class members' claims are duplicative of other claims in the Amended Complaint.

### SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

**(Laches)**

The Amended Complaint and the claims therein are barred, in whole or in part, by the doctrine of laches. Upon information and belief, plaintiffs and putative class members unreasonably delayed before pursuing their purported rights.

### EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

**(Waiver)**

The Amended Complaint and the claims alleged therein are barred, in whole or in part, by the doctrine of waiver.

### NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

**(Intervening Acts and/or Omissions)**

All or part of the damages alleged in the Amended Complaint were caused by the acts and/or

Gibson, Dunn & Crutcher LLP

32

omissions of other persons or entities (including without limitation, acts and/or omissions of plaintiffs, putative class members, and/or persons who acted on their behalf), for whose conduct Meta is not legally responsible, which intervened between the alleged acts and/or omissions of Meta and the alleged damages of plaintiffs or putative class members. The alleged damages, if any, are therefore not recoverable from Meta. In the alternative, any damages which plaintiffs or the putative class members may be entitled to recover against Meta must be reduced to the extent that such damages are attributable to persons or entities other than Meta.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Lack of Standing)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because plaintiffs and the putative class members cannot show that they have standing for the harms that they allege Meta caused.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Unforeseeable Acts)

The Amended Complaint and each purported cause of action asserted therein, are barred, in whole or in part, because plaintiffs' and the putative class members' alleged damages, if any, were caused by unanticipated and unforeseeable acts.

## TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Limitation of Damages)

The Amended Complaint, and each purported cause of action asserted therein, are barred, in whole or in part, because, by using Meta's services, plaintiffs and the putative class members agreed to Meta's Terms of Service, which limit liability for content shared by users of Meta's services and limit damages.

## TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Improper Class Action)

Plaintiffs may not maintain this lawsuit as a class action because the purported claims of the putative class representatives are not sufficiently typical of those of the purported class members, common issues of fact and law do not predominate over individual issues and liability and damages

Gibson, Dunn & Crutcher LLP

33

cannot be proven on a class-wide basis, the putative class representatives will not adequately represent the purported class, the putative class is not ascertainable, the proposed class action would not be manageable, and a class action is not a superior method for adjudicating the purported claims set forth in plaintiffs' Amended Complaint.

## TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Class Action Unconstitutional – Absent Persons)

Any attempt to require Meta to identify, locate, or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Class Action Unconstitutional – Jury Trial)

As a matter of constitutional right and substantive due process, Meta would be entitled to contest by jury trial its liability to any particular individual on whose behalf this action is purportedly brought.  Trying this case as a class action would violate the United States Constitution.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Improper Request for Attorneys' Fees)

Plaintiffs' request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Double Recovery)

The Amended Complaint and the claims alleged therein are barred, in whole or in part, on the grounds that plaintiffs seek to recover multiple times for the same alleged harm.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Unauthorized Remedies)

The Amended Complaint and the claims alleged therein are barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, otherwise unauthorized, or not recognized by applicable state law.  For example, plaintiffs and putative class members are not entitled to injunctive or any equitable relief because there are adequate remedies at law and because, as

Gibson, Dunn & Crutcher LLP

explained above, valid contracts cover the subject matter of the dispute.

## **RESERVATION OF ADDITIONAL DEFENSES**

Meta reserves the right to raise any additional defenses, affirmative or otherwise, and any counterclaims or cross-claims which may become apparent through discovery in the course of this action.

WHEREFORE, Meta respectfully requests entry of judgment against plaintiffs and in favor of Meta and that the Court award Meta any such relief as the Court deems just and appropriate.

DATED: October 27, 2025                    Respectfully submitted,

                                           GIBSON, DUNN & CRUTCHER LLP


                                           By: */s/ Christopher Chorba*
                                               Christopher Chorba

                                           *Attorneys for Defendant Meta Platforms, Inc.*

DEFENDANT META PLATFORMS, INC.'S ANSWER TO AMENDED CLASS ACTION COMPLAINT
CASE NO. 4:21-CV-06186-JSW