GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
SAMUEL ECKMAN, SBN 308923
JEREMY WEESE, SBN 336180
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:    213.229.7000
Facsimile:    213.229.7520
cchorba@gibsondunn.com
seckman@gibsondunn.com
jweese@gibsondunn.com

ERIN MARIE CHOI*
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2923
Telephone:    214.698.3100
Facsimile:    214.571.2900
echoi@gibsondunn.com
*Admitted pro hac vice

Attorneys for Defendant Meta Platforms, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| CHRISTOPHER CALISE and ANASTASIA GROSCHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 4:21-CV-06186-JSW<br><br>**DEFENDANT META PLATFORMS, INC.'S REPLY IN SUPPORT OF MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)** |

GIBSON, DUNN &
CRUTCHER LLP

DEFENDANT'S REPLY ISO MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
CASE NO. 4:21-CV-06186-JSW

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................... 1

I.    The Petition Satisfies Each of the Requirements for Certification. ......................... 2

    A.    The Order Implicates Controlling Questions of Law Regarding the Interpretation and Enforceability of the TOS and Community Standards. ..................................................................................... 2

    B.    There Are Substantial Grounds for Difference of Opinion. ......................... 5

    C.    Interlocutory Review Will Materially Advance This Litigation. ................. 7

II.    The Court Should Exercise Its Discretion to Certify Its Order. ............................. 9

CONCLUSION ............................................................................................................. 10

GIBSON, DUNN &
CRUTCHER LLP

i

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Abbey v. United States*,
89 Fed. Cl. 425 (2009) ...................................................................................................9

*Allen v. ConAgra Foods, Inc.*,
No. 3:13-cv-01279-WHO, 2019 WL 1466889 (N.D. Cal. Feb. 6, 2019) ...................................5

*Atel Fin. Corp. v. Quaker Coal Co.*,
321 F.3d 924 (9th Cir. 2003).........................................................................................2

*Bass v. Facebook, Inc.*,
394 F. Supp. 3d 1024 (N.D. Cal. 2019) ...........................................................................6

*Best Carpet Values, Inc. v. Google LLC*,
No. 5:20-cv-04700-EJD, 2022 WL 22843012 (N.D. Cal. May 2, 2022) ...................................7

*Brecher v. Citigroup Glob. Markets, Inc.*,
2012 WL 12953433 (S.D. Cal. Mar. 6, 2012) ....................................................................9

*Burton Way Hotels, Ltd. v. Four Seasons Hotels Ltd.*,
663 F. App'x 567 (9th Cir. 2016) ..................................................................................2

*Canyon Vineyard Ests. I, LLC v. DeJoria*,
78 Cal. App. 5th 995 (2022) .........................................................................................2

*Caraccioli v. Facebook, Inc.*,
167 F. Supp. 3d 1056 (N.D. Cal. 2016) ...........................................................................5

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
222 Cal. App. 3d 1371 (1990).......................................................................................8

*Carmona v. Lincoln Millennium Car Wash, Inc.*,
226 Cal. App. 4th 74 (2014) .........................................................................................2

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010).........................................................................................7

*Crossland Fed. Sav. Bank v. Tulip Realty Associates*,
1995 WL 87358 (E.D.N.Y. Feb. 16, 1995)........................................................................9

*Cuadras v. MetroPCS Wireless, Inc.*,
2011 WL 11084069 (C.D. Cal. Oct. 11, 2011) ...................................................................4

*Damner v. Facebook, Inc.*,
No. 20-cv-05177-JCS, 2020 WL 7862706 (N.D. Cal. Dec. 31, 2020)................................6, 8

*Flores v. Nat'l Football League*,
2024 WL 50238 (S.D.N.Y. Jan. 4, 2024).........................................................................3

GIBSON, DUNN &
CRUTCHER LLP

ii

*Gillespie v. Centerra Servs. Int'l, Inc.*,
2022 WL 18584762 (C.D. Cal. Oct. 26, 2022) ......................................................................9, 10

*Hanni v. Am. Airlines*, *Inc.*,
No. C 08-00732 CW, 2008 WL 5000237 (N.D. Cal. Nov. 21, 2008) ......................................8

*Hunt v. Bloom Energy Corp.*,
No. 19-CV-02935-HSG, 2022 WL 1122835 (N.D. Cal. Apr. 14, 2022)..................................8

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*,
22 F.4th 1125 (9th Cir. 2022) ................................................................................................7

*King v. Facebook, Inc.*,
No. 19-cv-01987-WHO, 2019 WL 6493968 (N.D. Cal. Dec. 3, 2019)...................................5

*Lakeland Village Homeowners Ass'n v. Great American Ins. Grp.*,
727 F. Supp. 2d 887 (E.D. Cal. 2010)....................................................................................4

*Long v. Dorset*,
369 F. Supp. 3d 939 (N.D. Cal. 2019) ...................................................................................5

*Marin Storage & Trucking, Inc. v. Benco Contracting & Engineering, Inc.*,
89 Cal. App. 4th 1042 (2001) ...............................................................................................2

*Medlock v. Taco Bell Corp.*,
2014 WL 6389382 (E.D. Cal. Nov. 14, 2014) ........................................................................8

*Ottesen v. Hi-Tech Pharms., Inc.*,
No. 19-CV-07271-JST, 2024 WL 589089 (N.D. Cal. Feb. 13, 2024)....................................7

*Reese v. BP Expl. (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011)..........................................................................................2, 7, 8

*Republic of Nicaragua v. Standard Fruit Co.*,
937 F.2d 469 (9th Cir. 1991).................................................................................................4

*Rollins v. Dignity Health*,
No. 13-cv-01450-TEH, 2014 WL 6693891 (N.D. Cal. Nov. 26, 2014) .................................5

*Roth v. Foris Ventures, LLC*,
No. 21-cv-4288-YGR, 2022 WL 21777087 (N.D. Cal. Aug. 19, 2022) ..............................7, 9

*SEC v. Mercury Interactive, LLC*,
No. 5:07-cv-02822-JF, 2011 WL 1335733 (N.D. Cal. Apr. 7, 2011)..................................8, 9

*Tarpon Bay Partners LLC v. Zerez Holdings Corp.*,
2019 WL 10984250 (D. Conn. Oct. 29, 2019) .......................................................................3

*In re Tobacco Cases I*,
186 Cal. App. 4th 42 (2010) .................................................................................................2

*Williams v. Atria Las Posas*,
24 Cal. App. 5th 1048 (2018) ...............................................................................................2

GIBSON, DUNN &
CRUTCHER LLP

DEFENDANT'S REPLY ISO MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
CASE NO. 4:21-CV-06186-JSW

*Winet v. Price,*
  4 Cal. App. 4th 1159 (1992) .................................................................................................3

*Young v. Facebook, Inc.*,
  No. 5:10-cv-03579-JF/PVT, 2010 WL 4269304 (N.D. Cal. Oct. 25, 2010) .........................5, 6

*Young v. Meta Platforms, Inc.*,
  No. 24-cv-03583-HSG, 2025 WL 2930979 (N.D. Cal. Oct. 15, 2025) ....................................6

**Statutes**

28 U.S.C. § 1292(b) .........................................................................................................1, 2, 7, 8, 9

47 U.S.C. § 230(a)(3).................................................................................................................1

47 U.S.C. § 230(b)(2).................................................................................................................1

47 U.S.C. § 230(b)(3).................................................................................................................1

Cal. Civ. Code § 1670.5(a) ........................................................................................................2

GIBSON, DUNN &
CRUTCHER LLP

iv

**INTRODUCTION**

There is a divergence of opinion among courts in this District on two questions that go to the heart of this Court's Order Granting in Part and Denying in Part Meta's Motion to Dismiss (the "Order")—namely, whether (1) Facebook's TOS and Community Standards impose affirmative duties on Meta to monitor and combat objectionable content posted to the website by third parties and (2) the Limitation of Liability Clause is unconscionable insofar as it disclaims responsibility for that content. *See* Dkt. 62. Because both of these questions are "controlling question[s] of law as to which there is substantial ground for difference of opinion," and because "an immediate appeal . . . may materially advance the ultimate termination of the litigation," this Court should certify the Order for interlocutory review. 28 U.S.C. § 1292(b).

Plaintiffs' main argument against certification is that these questions are not "exceptional." But Congress has recognized that imposing liability on websites for third-party content could stifle "the vibrant and competitive free market that presently exists for the Internet" and undermine "user control over what information is received by individuals, families, and schools." 47 U.S.C. § 230(b)(2)–(3). And this is not a problem unique to Meta. As *amicus curiae* explains, if even "aspirational statement[s] about maintaining a 'safe environment' or taking 'appropriate action' against harmful content can be construed as an enforceable promise," all manner of online "platforms face an impossible choice: either create vague, meaningless policies that provide no guidance to users, or face endless breach of contract litigation whenever their content moderation decisions fall short of perfection." Dkt. 74-1 at 5. And of course, many "websites may try to preemptively remove potentially problematic speech to avoid legal risks" (*id.*), frustrating Congress' intent to foster the Internet's role as "a forum for a true diversity of political discourse, unique opportunities for cultural development, and myriad avenues for intellectual activity" (47 U.S.C. § 230(a)(3)).

Because each of the conditions for certification under 28 U.S.C. § 1292(b) are satisfied, and because of the widespread implications this issue presents for websites, this Court should certify the Order for interlocutory review.

GIBSON, DUNN & CRUTCHER LLP

DEFENDANT'S REPLY ISO MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
CASE NO. 4:21-CV-06186-JSW

## ARGUMENT

**I.    The Petition Satisfies Each of the Requirements for Certification.**

A district court may certify an order for interlocutory review under 28 U.S.C. § 1292(b) if (1) there is "a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *see Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687–88 (9th Cir. 2011).  This Court's Order satisfies all three criteria.

**A.    The Order Implicates Controlling Questions of Law Regarding the Interpretation and Enforceability of the TOS and Community Standards.**

There can be no dispute that each of the questions presented does not require factual development and instead purely involves a controlling question of law.  "Under California law, the interpretation of contract language is a question of law." *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 925–26 (9th Cir. 2003); *see also Canyon Vineyard Ests. I, LLC v. DeJoria*, 78 Cal. App. 5th 995, 1003 (2022) ("Contract interpretation is a question of law."); *In re Tobacco Cases I*, 186 Cal. App. 4th 42, 47 (2010) ("Contract interpretation presents a question of law which this court determines independently." (quotation marks omitted)).  The same is true with respect to whether the Limitation of Liability Clause is unconscionable.  *See* Cal. Civ. Code § 1670.5(a) ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract[.]"); *Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc.*, 89 Cal. App. 4th 1042, 1055 (2001) ("Unconscionability is ultimately a question of law for the court."); *Carmona v. Lincoln Millennium Car Wash, Inc.*, 226 Cal. App. 4th 74, 82 (2014) ("[U]nconscionability is a question of law we review de novo."); *Williams v. Atria Las Posas*, 24 Cal. App. 5th 1048, 1055 (2018) ("Whether an agreement is unconscionable presents a question of law which we review de novo.").

According to Plaintiffs, "Meta's position that the provisions of the TOS and COS are susceptible to multiple interpretations necessarily concedes that interpretation of the TOS and COS is a question of fact, not law."  Opp. at 5.  But the sole authority they cite involved the evaluation of conflicting parol evidence.  *See Burton Way Hotels, Ltd. v. Four Seasons Hotels Ltd.*, 663

F. App'x 567, 568 (9th Cir. 2016) ("If the contract is reasonably susceptible to both parties' interpretations, a conflict in the evidence presented 'must be resolved in the trial court, as with any question of fact, before the court can declare the meaning of the contract as a matter of law.'"). That is unsurprising. As the California Court of Appeal has explained, "the ultimate construction placed upon . . . ambiguous language" will "call for differing standards of review, depending upon the parol evidence used to construe the contract." *Winet v. Price*, 4 Cal. App. 4th 1159, 1165–66 (1992). Where "the competent parol evidence is in conflict, and thus requires resolution of credibility issues," the construction involves a question of fact such that "any reasonable construction will be upheld as long as it is supported by substantial evidence." *Id.* at 1166. But "when no parol evidence is introduced (requiring construction of the instrument solely based on its own language) or when the competent parol evidence is not conflicting, construction of the instrument is a question of law[.]" *Id.* Here, the parties have not submitted any parol evidence.[1]

Plaintiffs are likewise incorrect in suggesting that "the determination of unconscionability is a mixed question of fact and law and is unsuitable for interlocutory appeal." Opp. at 7. As noted above, California law is to the contrary. And the cases cited by Plaintiffs involved disputed evidence concerning, among other things, the relative bargaining power of the parties and the manner in which the contract was negotiated. *See, e.g.*, *Flores v. Nat'l Football League*, 2024 WL 50238, at *3 (S.D.N.Y. Jan. 4, 2024) (finding that "[t]he Unconscionability Issue does not raise a pure question of law" where its resolution depended on "the unique facts of this case, including the NFL Commissioner's role, the NFL Commissioner's statements, the language in Plaintiffs' contracts, and the purported absence of collective bargaining"); *Tarpon Bay Partners LLC v. Zerez Holdings Corp.*, 2019 WL 10984250, at *2 (D. Conn. Oct. 29, 2019) (concluding that a "[r]uling with respect to the Promissory Note's unconscionability does not involve a controlling question of law" where the plaintiff challenged the court's findings "that Zerez 'was on the verge of financial collapse,' that it 'was in a precarious position,' and that it was 'deprived of any meaningful choice'"

---

[1] For the same reason, Plaintiffs' assertion that "[q]uestions of law certified for interlocutory appeal should present 'abstract issues of law' that an appellate court can resolve quickly without reviewing the factual record" (Opp. at 5 (cleaned up)) is beside the point, because the questions presented here do *not* require review of the factual record.

3

in entering the contract (cleaned up)); *Cuadras v. MetroPCS Wireless, Inc.*, 2011 WL 11084069, at *4 (C.D. Cal. Oct. 11, 2011) ("Plaintiff may disagree with *Concepcion* and its application to the present case, but therein lies the problem: plaintiff's dispute is with how the law is applied *to these facts*, and thus is not a pure, controlling question of law."). Again, the Court's ruling regarding the conscionability of the Limitation of Liability Clause did not turn on any disputed questions of fact.

Unable to establish that the questions presented involve anything other than controlling questions of law, Plaintiffs are left to argue that "contract-interpretation disputes are not considered 'exceptional' in the Ninth Circuit." Opp. at 6. But that argument cannot be right, because courts in the Ninth Circuit *have* granted interlocutory review to resolve questions of contract interpretation. *See, e.g.*, *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 474 n.6, 480 (9th Cir. 1991) (considering on interlocutory review whether a contract "is enforceable and has been breached"); *Lakeland Vill. Homeowners Ass'n v. Great Am. Ins. Grp.*, 727 F. Supp. 2d 887, 896–97 (E.D. Cal. 2010) (granting motion to certify question whether insurer had a duty to defend under the terms of the policy). And while an ordinary contract dispute might not be "exceptional," the dispute here is anything but ordinary. The fundamental question in this case is whether Meta can be held liable for allegedly fraudulent third-party ads on Facebook. Given that there are hundreds of millions of Facebook users in the United States—and literally billions of pieces of content posted to the site every day—the answer to that question will have profound implications, and not just for Facebook. As NetChoice explained in its *amicus curiae* brief, this Court's Order has "profound implications for websites" of all types by "plac[ing] [them] in the unenviable position of choosing between maintaining vague policies or inviting endless breach of contract claims that undermine Section 230's core purpose of encouraging voluntary content moderation." Dkt. 74-1 at 1. This would hurt not just websites—it would "also hurt the user experience," as people using Facebook will either "not have proper expectations about their participation on different websites" or else "websites may try to preemptively remove potentially problematic speech to avoid legal risks." *Id.* at 5.

GIBSON, DUNN &
CRUTCHER LLP

DEFENDANT'S REPLY ISO MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
CASE NO. 4:21-CV-06186-JSW

Simply put, the questions presented involve controlling issues of law that are well suited to interlocutory review.

**B.        There Are Substantial Grounds for Difference of Opinion.**

The questions presented also provide substantial grounds for a difference of opinion. "One of the best indications that there are substantial grounds for disagreement on a question of law is that other courts have, in fact, disagreed." *Rollins v. Dignity Health*, No. 13-cv-01450-TEH, 2014 WL 6693891, at *3 (N.D. Cal. Nov. 26, 2014); *see also Allen v. ConAgra Foods, Inc.*, No. 3:13-cv-01279-WHO, 2019 WL 1466889, at *3 (N.D. Cal. Feb. 6, 2019) (concluding "there is substantial ground for a difference of opinion" in light of another "ruling from this district" reaching a contrary result on "similar" facts). Here, each of the questions has yielded divergent answers in the district courts.

Plaintiffs do not dispute that other decisions from this District have held that the TOS and Community Standards do not impose any affirmative obligations on Meta. That is for good reason, as those decisions unambiguously state that "while Facebook's ToS 'place[s] restrictions on users' behavior,' it 'do[es] not create affirmative obligations.'" *Long v. Dorset*, 369 F. Supp. 3d 939, 948 (N.D. Cal. 2019); *see also King v. Facebook, Inc.*, No. 19-cv-01987-WHO, 2019 WL 6493968, at *2 (N.D. Cal. Dec. 3, 2019) (same); *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016) (same). Instead, Plaintiffs attack those decisions' authors by suggesting that they "blindly follow[ed] an earlier decision (*Young* [*v. Facebook, Inc.*, No. 5:10-cv-03579-JF/PVT, 2010 WL 4269304 (N.D. Cal. Oct. 25, 2010)]) that addresses a provision that clearly applies only to users, not Meta." Opp. at 9. But that dismisses three respected jurists (Judges Hamilton, Orrick, and Davila) who concluded that the TOS and Community Standards impose no affirmative obligations on Meta. Their conclusions diverging from this Court cannot be so casually dismissed as not "substantial."

In any event, Plaintiffs' attempt to distinguish *Young* on the ground that it "refers to 'provisions' that 'place restrictions on *users'* behaviors'" misreads that decision. Opp. at 9. Although *Young* did involve an alleged breach of different provisions of the TOS that directed users

GIBSON, DUNN & CRUTCHER LLP

"'not to engage in bullying, intimidating, or harassing other users'" (Dkt. 62 at 5 (quoting *Young*, 2010 WL 4269304, at \*3)), it relied on the then-current version of the Limitation of Liability Clause, which disclaimed liability for *all* third-party content: "FACEBOOK IS NOT RESPONSIBLE FOR THE ACTIONS, CONTENT, INFORMATION, OR DATA OF THIRD PARTIES" (*Young*, 2010 WL 4269304, at \*3).  Nothing in the Limitation of Liability Clause suggests that its application is limited to third-party bullying or harassing content or does not reach fraudulent ads posted by third parties.

That is why other courts have read the Limitation of Liability Clause to preclude liability for other forms of third-party content and behavior on Facebook beyond those presented in *Young*. *See, e.g.*, *Damner v. Facebook Inc.*, No. 20-cv-05177-JCS, 2020 WL 7862706, at \*7 (N.D. Cal. Dec. 31, 2020) (finding Meta not liable for failing to safeguard personal information because the TOS "state[s] that Facebook is being provided 'AS IS,' that Facebook does not 'GUARANTEE THAT FACEBOOK WILL ALWAYS BE SAFE, SECURE OR ERROR-FREE OR THAT FACEBOOK WILL ALWAYS FUNCTION WITHOUT DISRUPTIONS, DELAYS OR IMPERFECTIONS,' and that Facebook is not responsible for the actions of third parties"); *Young v. Meta Platforms, Inc.*, No. 24-cv-03583-HSG, 2025 WL 2930979, at \*3 (N.D. Cal. Oct. 15, 2025) (rejecting a breach-of-contract claim based on a third-party hack of the plaintiff's Facebook page on the ground that the Limitation of Liability Clause "explicitly (1) disclaim[s] any guarantee that Facebook will be safe, secure, or error-free, or operate without disruptions; and (2) disclaim[s] liability for third-party acts or conduct").  Plaintiffs again try to distinguish these cases on the ground that "none of them construe the specific provisions the Court found enforceable here" (Opp. at 10), but the point of those cases is that the "specific provisions" are irrelevant—the Limitation of Liability Clause disclaims liability for *all* third-party conduct and behavior.

Plaintiffs likewise do not dispute that Judge Alsup has "tak[en] a different view of Meta's Limitation of Liability Clause" in *Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024 (N.D. Cal. 2019). Opp. at 11.  This Court acknowledged as much.  *See* Dkt. 62 at 9 ("The Court recognizes that another court in this district has reached the opposite conclusion, albeit with regret.").  But while

6

DEFENDANT'S REPLY ISO MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
CASE NO. 4:21-CV-06186-JSW

Plaintiffs assert that "the existence of a single district court opinion . . . does not create a 'substantial ground for difference of opinion'" (Opp. at 11 (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010))), the Ninth Circuit has held that when "reasonable jurists might disagree on an issue's resolution," a "substantial ground for difference of opinion exists" even if other cases do not "directly conflict[] with the district court's construction of the law." *Reese*, 643 F.3d at 688; *see also ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130–31 (9th Cir. 2022) (holding that a "district court need not 'await[] development of contradictory precedent'" to rule that there are substantial grounds for difference of opinion). In fact, courts in the Northern District routinely certify questions under Section 1292(b) notwithstanding the absence of conflicting authority. *See, e.g.*, *Ottesen v. Hi-Tech Pharms., Inc.*, No. 19-CV-07271-JST, 2024 WL 589089, at *3 (N.D. Cal. Feb. 13, 2024) (certifying interlocutory appeal where "no federal court ha[d] directly confronted this issue"); *Best Carpet Values, Inc. v. Google LLC*, No. 5:20-cv-04700-EJD, 2022 WL 22843012, at *3 (N.D. Cal. May 2, 2022) (certifying interlocutory appeal on "novel" question that "no court ha[d] considered").

Because reasonable jurists can—and have—reached different conclusions on each of the questions presented, certification is proper.

## C.     Interlocutory Review Will Materially Advance This Litigation.

The final prong is satisfied because "permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." *Roth v. Foris Ventures, LLC*, No. 21-cv-4288-YGR, 2022 WL 21777087, at *2 (N.D. Cal. Aug. 19, 2022).

Plaintiffs do not dispute that a reversal by the Ninth Circuit would result in the dismissal of their contract claim. Instead, they insist that, even if this were to occur, "the Covenant Claim would remain." Opp. at 12. But that is incorrect as a matter of law. Although Plaintiffs point to this Court's observation "that the Covenant Claim is not duplicative of the Contract Claim" (Opp. at 12 (citing Dkt. 62 at 10)), that does not mean the covenant claim can survive without the contract claim. As this Court explained, "[t]he covenant imposes an obligation on a contracting party to

'act fairly and in good faith *in discharging its contractual responsibilities*.'" Dkt. 62 at 10 (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990)) (emphasis added).  If Meta does not have any contractual responsibilities under the TOS and Community Standards, it necessarily follows that it could not have acted in bad faith in "discharging" those non-existent responsibilities.  That is why, after concluding that the TOS did not obligate Meta to protect Facebook users' personal information in *Damner*, Judge Spero proceeded to dismiss the plaintiff's claim for breach of the implied covenant on the ground that "a claim for breach of the covenant of good faith cannot impose substantive duties not found in the underlying contract." 2020 WL 7862706, at *7.

Even if Plaintiffs' covenant claim could proceed, that would not alter the analysis because Section 1292(b) does not require that an interlocutory appeal "resolve all of [plaintiffs'] claims." *Reese*, 643 F.3d at 688.  So long as an appeal could narrow the dispute, such as by taking certain "claims . . . out of the case," that is "sufficient to advance materially the litigation." *Id.*; *see also, e.g.*, *SEC v. Mercury Interactive, LLC*, No. 5:07-cv-02822-JF, 2011 WL 1335733, at *3 (N.D. Cal. Apr. 7, 2011) (certifying appeal where Ninth Circuit ruling for defendant would mean that just one of plaintiffs' claims would be dismissed).  Plaintiffs cite no caselaw to support their assertion that an "interlocutory appeal would [not] minimize the total burdens of litigation" if "dismissal of the Contract Claim would not resolve the Covenant Claim."  Opp. at 13.  On the contrary, the cases they cite involved plaintiffs who wished to *revive* some—but not all—claims that the district court had dismissed.  *See Hunt v. Bloom Energy Corp.*, No. 19-CV-02935-HSG, 2022 WL 1122835, at *4 (N.D. Cal. Apr. 14, 2022); *Medlock v. Taco Bell Corp.*, 2014 WL 6389382, at *2 (E.D. Cal. Nov. 14, 2014); *Hanni v. Am. Airlines*, *Inc.*, No. C 08-00732 CW, 2008 WL 5000237, at *7 (N.D. Cal. Nov. 21, 2008).  That is, of course, an entirely different posture than the one presented here.

Plaintiffs' only other argument is that "a reversal of the Court's ruling on unconscionability would only cap recoverable damages at $100, rather than prevent Plaintiffs' claim from proceeding at all."  Opp. at 13.  Not so.  As explained above, the Limitation of Liability Clause does not simply limit the *amount* of liability—it also disclaims any promise to "control or direct what people and

GIBSON, DUNN & CRUTCHER LLP

DEFENDANT'S REPLY ISO MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL
CASE NO. 4:21-CV-06186-JSW

others do or say" on Facebook and states that Meta is "not responsible for [third parties'] actions or conduct (whether online or offline) or any content they share (including offensive, inappropriate, obscene, unlawful, and other objectionable content)." Dkt. 62 at 6 (quoting Dkt. 56-1 at 8).  Absent such promises, there is no liability to limit.  And even if Plaintiffs were correct, clarification from the Ninth Circuit concerning Meta's maximum potential exposure would facilitate settlement discussions and thereby "accelerat[e] resolution" of the case. *Roth*, 2022 WL 21777087, at *2; *see also Mercury Interactive, LLC*, 2011 WL 1335733, at *3 (finding this prong satisfied where appellate resolution "would have a significant effect on the trial of this action, and perhaps upon the parties' efforts to reach settlement").

## II.    The Court Should Exercise Its Discretion to Certify Its Order.

In a final attempt to avoid appellate review of the Order, Plaintiffs urge the Court to exercise its "discretion to deny the Motion." Opp. at 14.  But the only reason Plaintiffs offer for exercising this discretion is that "Meta waited nearly 50 days to file its Motion after this Court issued the September 22, 2025 Order." *Id.*  Plaintiffs offer no explanation why that should matter.  Nor could they—in their first discussions following entry of the Order, Meta provided Plaintiffs advance notice that it would file this motion such that Plaintiffs cannot claim any surprise or prejudice.  And unlike in the lone case cited by Plaintiffs—where the parties had filed an amended complaint, a motion to dismiss, and an opposition in the time between the issuance of the order and the defendant's motion to certify that order—the parties here did not engage in any other litigation during that time period. *See Brecher v. Citigroup Glob. Mkts., Inc.*, 2012 WL 12953433, at *2, *6 (S.D. Cal. Mar. 6, 2012).[2]

If anything, the Court should exercise its discretion in favor of certification.  The alternative is to defer appellate review of these dispositive threshold questions until after final judgment, which could render years of work by the Court and parties wasted. *See Gillespie v. Centerra Servs. Int'l,*

[2] Courts have rejected timeliness arguments where the delay was much longer than here. *See, e.g., Crossland Fed. Sav. Bank v. Tulip Realty Assocs.*, 1995 WL 87358, at *3 (E.D.N.Y. Feb. 16, 1995) (rejecting timeliness challenge and granting motion for certification filed more than four months after the at-issue order); *Abbey v. United States*, 89 Fed. Cl. 425, 430 (2009) ("Delays shorter than three months have generally been found to be timely.").

GIBSON, DUNN & CRUTCHER LLP

*Inc.*, 2022 WL 18584762, at *3 (C.D. Cal. Oct. 26, 2022) ("Peraton's success on appeal would materially advance the litigation by . . . avoid[ing] 'protracted and expensive litigation' at least as to those claims [at issue in the appeal]" (cleaned up)).  Such delay would not serve anybody's interests.

## CONCLUSION

This Court's Order presents two controlling questions of law, each of which provides substantial grounds for a difference of opinion, and the resolution of which could materially advance the ultimate resolution of this litigation.  Meta therefore respectfully requests that the Court certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b).

Dated: December 23, 2025                    GIBSON, DUNN & CRUTCHER LLP


                                             By: */s/ Christopher Chorba*
                                                 Christopher Chorba

                                             *Attorneys for Defendant Meta Platforms, Inc.*
                                             *(formerly known as Facebook, Inc.)*