UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CALISE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 21-cv-06186-JSW<br><br>**ORDER GRANTING MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**<br><br>Re: Dkt. No. 71 |

Now before the Court is the motion to certify an order for interlocutory appeal filed by Defendant Meta Platforms, Inc. ("Meta"). The Court finds the motion suitable for decision without oral argument and HEREBY VACATES the hearing set for February 6, 2026. The Court has considered the parties' papers, relevant legal authority, and the record in this case and exercises its discretion to GRANT the motion pursuant to 28 U.S.C. section 1292(b).

Meta's motion seeks to certify this Court's order denying Meta's motion to dismiss ("Order") for interlocutory appeal with respect to the following two questions: (1) whether the Terms of Service ("TOS") and Community Standards "impose an affirmative obligation on Meta to combat purported scam advertisements," and (2) whether the Limitation of Liability Clause is unconscionable. (Motion at 5; Opp. Br. at 1.)

A district court may certify an order for interlocutory review under 28 U.S.C. section 1292(b) if (1) there is "a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance

the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687-88 (9th Cir. 2011). Certification for interlocutory appeal should be applied sparingly and only granted in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. *See, e.g., Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982); *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. *Coopers & Lybrand*, 437 U.S. at 475. A court has substantial discretion to decide whether to grant a motion for certification. *Valdovinos v. McGrath*, No. C02-1704-CW, 2007 WL 2023505 at *2 (N.D. Cal. July 12, 2007) (citing *Brown v. Oneonta*, 916 F. Supp. 176, 180 (N.D.N.Y. 1996)).

Certification under Section 1292(b) requires that the district court expressly find in writing that all three of the requirements are met. The Court finds that its Order satisfies all three criteria.

First, the questions posed by the request for interlocutory appeal here involve controlling issues of law. "Under California law, the interpretation of contract language is a question of law." *Atel Fin. Corp. v. Quaker Coal Co.*¸ 321 F.3d 924, 925-26 (9th Cir. 2003). Similarly, the question of whether a contract or a contract clause is unconscionable is a question of law for the court to determine. *See* Cal. Civ. Code § 1670.5(a) ("If the court as a matter of law finds the contract or any clause of the contract to be unconscionable at the time it was made the court may refuse to enforce the contract"); *Carmona v. Lincoln Millenium Car Wash, Inc.*, 226 Cal. App. 4th 74, 82 (2014) ("[U]nconscionability is a question of law we review de novo.").

Second, there is substantial ground for difference of opinion on the questions of law presented. Whether Facebook's TOS and Community Standards impose on Meta a legally enforceable obligation to combat purposed scam advertisements is a question on which "substantial ground for difference of opinion" exists. 28 U.S.C. § 1292(b). When "reasonable jurists might disagree on an issue's resolution," a "substantial ground for difference of opinion exists" even if other cases do not "directly conflict[] with the district court's construction of the law." *Reese*, 643 F.3d a6 688. However, "[o]ne of the best indications that there are substantial

2

grounds for disagreements on a question of law is that other courts have, in fact, disagreed." *Rollins v. Dignity Health*, No. 13-cv-01450-THE, 2014 WL 6693891, at *3 (N.D. Cal. Nov. 26, 2014); *Allen v. ConAgra Foods, Inc.*, No. 13-cv-01279-WHO, 2019 WL 1466889, at *3 (N.D. Cal. Feb. 6, 2019) (concluding that "there is substantial ground for a difference of opinion" in light of "another ruling from this district" reaching a contrary result on "similar" facts). Here, the Court's Order itself acknowledges that reasonable jurists can and have actually disagreed on whether the TOS and Community Standards impose the asserted legal obligations on Meta. (Dkt. No. 62, Order at 5, citing *Long v. Dorset*, 369 F. Supp. 3d 939, 948 (N.D. Cal. 2019), *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064 (N.D. Cal. 2016), and *King v. Facebook, Inc.*¸ No. 19-cv-01987-WHO, 2019 WL 6493968, at *2 (N.D. Cal. Dec. 3, 2019); Order at 9, citing *Bass v. Facebook, Inc.*, 394 F. Supp. 3d 1024, 1037-38 (N.D. Cal. 2019).) The fact that other judges, within the same district, have approached the same legal question and construed it differently demonstrates that there is substantial ground for difference of opinion on the questions of law presented.

Lastly, the Court is persuaded that interlocutory review will materially advance the current litigation. This prong is closely "linked to" and "overlap[s] significantly with" whether an issue of law is "controlling." *Mauia v. Petrochem Insulation, Inc.*, No. 18-cv-01815-THE, 2014 WL 6693891, at *4 (N.D. Cl. Nov. 26, 2014). "The ultimate question is whether permitting an interlocutory appeal would minimize the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings." *Roth v. Foris Ventures, LLC*¸ No. 21-cv-04288-YGR, 2022 WL 21777087, at *2 (N.D. Cal. Aug. 19, 2022) (citations omitted); *see also Biederman v. FCA US LLC*, No. 23-cv-06640-JSC, 2025 WL 1266907, at *5 (N.D. Cal. May 1, 2025 (the final prong of Section 1292(b) is satisfied if "the resolution of the question may appreciably shorten the time, effort, or expense of conducting the district court proceedings.").) Here, a decision on the two questions of law will materially advance the ultimate termination of this litigation by resolving important threshold legal issues. An appellate decision on the threshold issues will allow the parties to be more informed in their assessment of whether they might prevail, it would render some claims moot and would facilitate settlement discussions.

3

1   Thus, the Court finds that the resolution of these threshold legal questions would accelerate
2   resolution of the case. *See, e.g., SEC v. Mercury Interactive, LLC*, No. 07-cv-02822-JF, 2011 WL
3   1335733, at *3 (N.D. Cal. Apr. 7, 2011) (finding that the final prong under Section 1292(b) is
4   satisfied where appellate resolution "would have a significant effect on the trial of this action, and
5   perhaps upon the parties' efforts to reach settlement").

6   The Court finds that securing appellate clarity on interlocutory appeal is in the interests of
7   the parties and this Court. In the long run, an appeal of these threshold issues will materially
8   speed the end of this litigation and perhaps aid in similar litigation over Meta's TOS and
9   Community Standards.

10  Accordingly, the Court GRANTS Meta's motion to certify an order for interlocutory
11  appeal pursuant to 28 U.S.C. section 1292(b). Further, as Meta has represented that it will
12  continue to litigate the case while it petitions the Ninth Circuit Court of Appeals to grant such a
13  review, the Court shall not stay the matter. Rather, the parties are required to inform the Court by
14  joint submission within five court days of resolution of the petition and, at that time, the Court will
15  determine the extent of a stay, if any.

17  **IT IS SO ORDERED.**
18  Dated: January 8, 2026

_____
JEFFREY S. WHITE
United States District Judge