GIBSON, DUNN & CRUTCHER LLP
CHRISTOPHER CHORBA, SBN 216692
SAMUEL ECKMAN, SBN 308923
JEREMY WEESE, SBN 336180
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520
cchorba@gibsondunn.com
seckman@gibsondunn.com
jweese@gibsondunn.com

ERIN MARIE CHOI (*pro hac vice*)
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-2923
Telephone: 214.698.3100
Facsimile: 214.571.2900
echoi@gibsondunn.com

*Attorneys for Defendant Meta Platforms, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CHRISTOPHER CALISE and ANASTASIA GROSCHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 4:21-CV-06186-JSW<br><br>**DEFENDANT META PLATFORMS, INC.'S MOTION TO STAY PROCEEDINGS PENDING INTERLOCUTORY APPEAL** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on August 14, 2026, before the Honorable Jeffrey S. White, in Courtroom 5 of the United States District Court located at 1301 Clay Street, Oakland, CA 94612, Defendant Meta Platforms, Inc. ("Meta") will and hereby does move this Court for an Order to stay the proceedings in this action until such time as the interlocutory appeal filed by Meta is resolved by the Ninth Circuit. This motion is made on the ground that Meta's appeal may dispose of the entire matter, thereby rendering moot any intervening proceedings and resulting in a waste of resources.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, any Reply or other papers submitted in connection with the motion, all matters of which this Court may properly take judicial notice, and any information presented at argument.

## STATEMENT OF ISSUES TO BE DECIDED

Whether this action should be stayed pending the Ninth Circuit's resolution of Meta's interlocutory appeal.

Dated: June 5, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Christopher Chorba*
Christopher Chorba

*Attorneys for Defendant Meta Platforms, Inc.*

**TABLE OF CONTENTS**

Page

INTRODUCTION ........................................ 1

BACKGROUND ........................................ 2

ARGUMENT ........................................ 3

I. Meta Has Made a Showing of Its Likelihood to Succeed on the Merits of Its Appeal. ........................................ 3

II. Meta Will Be Irreparably Harmed If It Is Required to Engage in Unnecessary Discovery While Its Appeal Is Pending. ........................................ 4

III. Plaintiffs Will Not Be "Substantially Injured" by a Stay. ........................................ 6

IV. A Stay Is in the Public Interest Because It Will Promote Judicial Efficiency and Avoid the Waste of Party Resources. ........................................ 7

CONCLUSION ........................................ 7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Evans v. Wal-Mart Stores, Inc.*, 2019 WL 7169794 (C.D. Cal. Oct. 23, 2019) ....................4

*Finder v. Leprino Foods Co.*, 2017 WL 1355104 (E.D. Cal. Jan. 20, 2017) ....................4

*United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*, 2019 WL 6973547 (C.D. Cal. Oct. 8, 2019) ....................4, 7

*Landis v. North American Co.*, 299 U.S. 248 (1936) ....................3

*Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011) ....................3

*Silbersher v. Allergan Inc.*, 2021 WL 292244 (N.D. Cal. Jan. 28, 2021) ....................4, 7

*Trendsettah USA, Inc. v. Swisher Int'l Inc.*, 2020 WL 2542621 (C.D. Cal. Apr. 14, 2020) ....................3, 4

*Uschold v. Carriage Servs., Inc.*, 2019 WL 8298261 (N.D. Cal. Jan. 22, 2019) ....................6

*Wuest v. Comcast Cable Commc'ns Mgmt., LLC*, No. 17-cv-04063-JSW, 2017 WL 5569819 (N.D. Cal. Nov. 20, 2017) ....................6

**Statutes**

28 U.S.C. § 1292(b) ....................3

**Other Authorities**

*United States Courts for the Ninth Circuit: 2025 Annual Report* 56, https://tinyurl.com/y4yum9fs ....................1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

The Ninth Circuit is currently considering Meta's interlocutory appeal of this Court's order granting in part and denying in part Meta's motion to dismiss. If the Ninth Circuit resolves that appeal in Meta's favor, it will all but end this case. And at the Ninth Circuit's current pace of resolving appeals, a decision can be expected in February 2027—if not earlier. *See United States Courts for the Ninth Circuit: 2025 Annual Report* 56, https://tinyurl.com/y4yum9fs (reporting that the median time interval from the filing of an appellee's last brief to oral argument is 5.6 months, and the median time interval from oral argument to disposition is 1.4 months).[1]

Despite this, Plaintiffs have refused to postpone discovery while the Ninth Circuit determines whether their claims are even viable. Meta offered to continue the parties' negotiations regarding a protective order and ESI protocol and to exchange Rule 26(a)(1) Initial Disclosures, which the Court subsequently ordered and the parties have since done. Yet Plaintiffs demand more, including the ability to serve initial document requests on Meta and engage in an extensive conferral process with Meta about such wide-ranging topics as the "scope and relevance" of Plaintiffs' requests, "the structure of databases housing [relevant] data," and more. Although Plaintiffs characterize these discovery efforts as "limited," they will impose substantial—and potentially unnecessary—burdens on Meta.

The Court should stay this proceeding, including all further discovery, pending the Ninth Circuit's resolution of Meta's appeal. *First*, Meta has shown a likelihood of success on the merits by demonstrating that this case is fit for interlocutory review. *Second*, Meta will be irreparably injured if it is forced to expend substantial resources on potentially needless discovery. *Third*, Plaintiffs will not be substantially injured by a stay; this case has already been pending for five years, and Plaintiffs have not even attempted to articulate what harm could possibly come from a few more months of delay. *Fourth*, the public interest supports a stay because it would avoid potential inefficiencies.

This Court and the Ninth Circuit have found the issues presented by Meta's motion to dismiss sufficiently weighty to merit the "exceptional" step of interlocutory review. Dkt. 83 at 2. Because

[1] Briefing in the appeal is well underway: Meta's Opening Brief has already been filed, and Plaintiffs' Answering Brief is due July 29.

there is no reason to force the parties to proceed with discovery while those issues are still before the Ninth Circuit, the Court should grant a stay.

## BACKGROUND

On January 8, 2026, this Court certified two questions for interlocutory review: (1) whether Facebook's Terms of Service ("TOS") and Community Standards "impose an affirmative obligation on Meta to combat purported scam advertisements," and (2) whether the Limitation of Liability Clause is unconscionable. Dkt. 83 at 1. In doing so, the Court stated that these issues are "threshold legal questions" about which courts in this District "can and have actually disagreed," and that an appeal would "accelerate resolution of the case." *Id*. at 3–4. On March 18, the Ninth Circuit granted Meta's petition for permission to appeal. *Calise v. Meta Platforms, Inc.*, No. 26-383 (9th Cir.), Dkt. 9.1.

Consistent with this Court's order, the parties notified the Court of the Ninth Circuit's action on March 25 and stated that they were conferring about the scope of a potential stay. Dkt. 92. But the parties could not reach an agreement. As a result, on April 1 they filed a joint submission outlining their respective positions. Dkt. 93. Meta proposed that the parties conclude their ongoing negotiations concerning a protective order and ESI protocol and exchange Rule 26(a)(1) Initial Disclosures, but otherwise defer discovery pending the appeal. Plaintiffs, meanwhile, proposed that they be permitted to "serve initial document requests and then meet-and-confer with Defendant regarding (1) custodians and shared document repositories to be searched for responsive documents, (2) the scope and relevancy of requests, (3) the types of data collected and maintained by Defendant responsive to Plaintiffs' requests, (4) the structure of databases housing such data, and (5) the methods of technology-assisted review and/or keyword searches to be utilized by Defendant in identifying responsive documents." *Id.* at 2–3.

After receiving this joint submission, the Court ordered the parties to confer and fully brief a motion to stay. It also ordered the parties to conclude their ongoing negotiations over a protective order and ESI protocol and to exchange Rule 26(a)(1) Initial Disclosures, as Meta had proposed. Dkt. 94. After conferring multiple times and exchanging several redlines of the discovery orders, the parties have since concluded their negotiations (subject to outstanding disputes that they will submit following the appeal). The parties also exchanged their Initial Disclosures on April 24.

**ARGUMENT**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A stay pending resolution of an interlocutory appeal is also specifically contemplated by statute. *See* 28 U.S.C. § 1292(b) ("[A]pplication for an appeal hereunder shall not stay proceedings in the district court *unless the district judge or the Court of Appeals or a judge thereof shall so order*." (emphasis added)). In exercising their discretion to stay proceedings, courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011). Courts apply these factors flexibly, taking a "sliding scale approach" in which "a stronger showing of one element may offset a weaker showing of another." *Id.*

As set forth below, each of these factors supports a stay of the proceedings pending resolution of Meta's appeal.

**I. Meta Has Made a Showing of Its Likelihood to Succeed on the Merits of Its Appeal.**

Although the first prong ostensibly requires "a strong showing that [the applicant] is likely to succeed on the merits," the Ninth Circuit has made clear that the applicant "need not demonstrate that it is more likely than not that they will win on the merits." *Leiva-Perez*, 640 F.3d at 966. Instead, this prong can be satisfied with a showing of "a 'reasonable probability' or 'fair prospect'" of success on the merits, "a substantial case on the merits," or even a showing that "serious legal questions are raised." *Id.*; *see also Trendsettah USA, Inc. v. Swisher Int'l Inc.*, 2020 WL 2542621, at *2 (C.D. Cal. Apr. 14, 2020) (finding that "this factor strongly weighs in favor of a stay" where "'the weight of omission in establishing a claim for fraud on the Court and whether this amounts to an undermining of the workings of the judicial process is a *matter for debate*'" (emphasis added)). This is materially the same standard that governs certification of an order for interlocutory review. *See* 28 U.S.C. § 1292(b) (providing that an order can be certified if, among other things, it "involves a controlling question of law as to which there is substantial ground for difference of opinion"). And as this Court explained in

granting Meta's motion to certify, "[t]he fact that other judges, within the same district, have approached the same legal question and construed it differently demonstrates that there is a substantial ground for difference of opinion on the questions of law presented." Dkt. 83 at 3. That is dispositive under the first prong of the stay inquiry. *See Silbersher v. Allergan Inc.*, 2021 WL 292244, at *3 (N.D. Cal. Jan. 28, 2021) (finding the first prong satisfied "[f]or the [same] reasons discussed above in connection with the request to certify" under Section 1292(b)).

## II. Meta Will Be Irreparably Harmed If It Is Required to Engage in Unnecessary Discovery While Its Appeal Is Pending.

"While being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*, requiring a party to conduct 'substantial, unrecoverable, and wasteful' discovery on matters that could be mooted by a pending appeal may constitute hardship or inequity sufficient to justify a stay." *Evans v. Wal-Mart Stores, Inc.*, 2019 WL 7169794, at *4 (C.D. Cal. Oct. 23, 2019) (cleaned up); *see also Finder v. Leprino Foods Co.*, 2017 WL 1355104, at *3 (E.D. Cal. Jan. 20, 2017) ("[M]any district courts that have applied the *Nken* and *Hilton* four-step traditional test for stay in the context of an interlocutory appeal . . . have interpreted the irreparable harm requirement to include substantial monetary harm resulting from conducting burdensome discovery, motions practice, and trial preparation on issues that are the subject of the appeal." (collecting cases)); *Silbersher v. Allergan Inc.*, 2021 WL 292244, at *3 (N.D. Cal. Jan. 28, 2021) ("The second and third factors, which address the relative harms to the parties of entering a stay as opposed to allowing the case to move forward in the trial court, favor a stay because going forward in the trial court will result in burdensome and expensive discovery and this cost may be needless, depending on the Ninth Circuit's decision on appeal."); *United States ex rel. Integra Med Analytics LLC v. Providence Health & Servs.*, 2019 WL 6973547, at *7 (C.D. Cal. Oct. 8, 2019) (finding irreparable harm where "the parties will have incurred any discovery costs inefficiently, or possibly needlessly, if the Court does not issue a stay and the Ninth Circuit alters the Court's news media standard"); *Trendsettah USA*, 2020 WL 2542621, at *2 (same).

This Court has already determined that the resolution of Meta's interlocutory appeal could render any intervening discovery unnecessary. *See* Dkt. 83 at 3–4 (noting that a ruling for Meta "would

render some claims moot" and, regardless of how the appeal is resolved, the Ninth Circuit's decision will "allow the parties to be more informed in their assessment of whether they might prevail" and "facilitate settlement discussions"). As a result, expending further resources—beyond those which Meta has already willingly undertaken—on "substantial, unrecoverable, and wasteful" discovery during the pendency of Meta's appeal would irreparably harm Meta.

Notwithstanding Plaintiffs' characterization of their proposal as one for only "limited" discovery, it is far more burdensome than they suggest—and would require "substantial, unrecoverable, and wasteful" discovery sufficient to constitute an irreparable harm to Meta. Plaintiffs effectively seek to launch fully into discovery, save only for the actual review and production of documents. Dkt. 93 at 3. For example, Plaintiffs propose that the parties negotiate "the scope and relevancy of [discovery] requests" (Dkt. 93 at 2), but this process typically entails multiple rounds of correspondence and many conferrals, each of which requires significant investment of time and resources. Likewise, negotiations regarding "custodians and shared document repositories to be searched for responsive documents" (*id.*) will necessarily hinge on the outcome of the scope negotiations and will usually require multiple *additional* rounds of conferrals or written correspondence, all of which must be informed by additional fact investigation efforts within Meta that are based on the specific requests served by Plaintiffs and the results of scope negotiations. And negotiations regarding "the types of data collected and maintained by Defendant responsive to Plaintiffs' requests" (*id.*) will require not only still further conferrals among counsel, but also extensive coordination with Meta for further fact investigation given the size of the company and its numerous databases.

In addition, Plaintiffs propose that the parties expend resources to address logistical discovery issues, such as "the methods of technology-assisted review and/or keyword searches to be utilized by Defendant in identifying responsive documents." Dkt. 93 at 2–3. If Plaintiffs intend for the parties to negotiate the actual search terms that Meta would use, such efforts would be entirely premature given that Meta would be under no obligation to conduct the searches or review and produce responsive documents until the appeal has been resolved. To the extent Plaintiffs expect Meta to conduct any searches and collect responsive documents for immediate delivery upon resolution of the appeal, that approach also would require Meta to incur document hosting fees for data that may never need to be

produced. And if Plaintiffs intend for the parties simply to discuss discovery methods at a more generalized level, there is no reason for such conversations to occur now. The parties have already spent hours discussing discovery during their negotiation of the Protective Order and ESI Protocol, and any additional time spent on such discussions during this phase of the case would be premature at best and wasteful at worst.

Finally, several of the issues Plaintiffs wish to negotiate—such as "the structure of [Meta's] databases" and "the types of data collected and maintained by Defendant responsive to Plaintiffs' requests" (Dkt. 93 at 2)—are premature and amount to disfavored "discovery on discovery," which is inappropriate before Meta has even made a production, let alone one Plaintiffs have shown to be deficient. *See, e.g.*, *Uschold v. Carriage Servs., Inc.*, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019) (quashing discovery requests on the basis that "discovery on discovery is disfavored and, to be both relevant and proportional to the needs of the case, a party seeking it must show a specific deficiency in the other party's production" (citations omitted)).

In short, requiring Meta to engage in even the purportedly "limited" discovery proposed by Plaintiffs would impose substantial costs that would be needless if the Ninth Circuit resolves the appeal in Meta's favor. That is all that is necessary to show irreparable harm.

## III. Plaintiffs Will Not Be "Substantially Injured" by a Stay.

There is no plausible injury—much less *substantial* injury—Plaintiffs will incur if proceedings are stayed for approximately seven months. Plaintiffs did not even attempt to identify such an injury when explaining their position on a stay in the parties' joint submission. Nor can they: Plaintiffs filed this case nearly five years ago (Dkt. 1), yet have never before expressed any concern or urgency about the need for discovery. There is already a litigation hold in place and Plaintiffs have not identified any "specific witness or documentary evidence in this case that is at risk of being lost." *Wuest v. Comcast Cable Commc'ns Mgmt., LLC*, No. 17-cv-04063-JSW, 2017 WL 5569819, at *2 (N.D. Cal. Nov. 20, 2017).

### IV. A Stay Is in the Public Interest Because It Will Promote Judicial Efficiency and Avoid the Waste of Party Resources.

A stay pending appeal is in the public interest when it will preserve resources and promote judicial efficiency. *See, e.g.*, *Silbersher,* 2021 WL 292244, at *3 ("The Court also finds that it is in the public interest to stay the case while it is on appeal because doing so is likely to save judicial resources."); *United States ex rel. Integra Med Analytics*, 2019 WL 6973547, at *8 ("Given the potential for inefficiencies in the discovery process due to the pending Ninth Circuit appeal, a stay serves the public interest."). That is the case here. This Court determined that resolving the "threshold legal questions" on appeal "would accelerate resolution of the case." Dkt. 83 at 3–4. By contrast, the discovery proposed by Plaintiffs may be for no purpose if the Ninth Circuit reverses this Court's order on the motion to dismiss. Accordingly, the public interest is better served by staying proceedings to allow the Ninth Circuit to clarify the law on these threshold legal questions. And even if the Ninth Circuit does not reverse outright, its decision could affect the scope of further proceedings in this Court, which would require the parties to revisit any work conducted in the intervening months.

## CONCLUSION

This Court and the Ninth Circuit have agreed that there is a substantial question whether Plaintiffs have stated a valid claim against Meta. Rather than wait a few months to allow that potentially dispositive question to be resolved on appeal, Plaintiffs seek immediately to engage in burdensome discovery that will be a complete waste if the Ninth Circuit ultimately sides with Meta. Rather than permit this wasteful discovery to proceed, this Court should enter a stay of all further proceedings in this Court pending the Ninth Circuit's resolution of Meta's interlocutory appeal.

Dated: June 5, 2026

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Christopher Chorba*
Christopher Chorba

*Attorneys for Defendant Meta Platforms, Inc. (formerly known as Facebook, Inc.)*