Adam M. Apton (State Bar No. 316506)
**LEVI & KORSINSKY LLP**
388 Market Street, Suite 1300
San Francisco, CA 94111
Telephone: 415-373-1671
Facsimile: 212-363-7171
Email: aapton@zlk.com

Mark S. Reich (admitted *pro hac vice*)
**LEVI & KORSINSKY, LLP**
33 Whitehall, 17th Floor
New York, NY 10004
Telephone: 212-363-7500
Facsimile: 212-363-7171
Email: mreich@zlk.com

*Attorneys for Plaintiffs and the Proposed Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CHRISTOPHER CALISE and ANASTASIA GROSCHEN, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 4:21-cv-06186-JSW

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT META PLATFORMS, INC.'S MOTION TO STAY PROCEEDINGS PENDING INTERLOCUTORY APPEAL**

Date: August 14, 2026
Time: 9:00 AM PT
Place: Courtroom 5 – 2nd Floor
Judge: Hon. Jeffrey S. White

# TABLE OF CONTENTS

INTRODUCTION ..... 1
BACKGROUND ..... 2
ARGUMENT ..... 3
I. Meta Cannot Demonstrate a Likelihood of Success Sufficient to Justify a Stay ..... 3
II. Meta Faces No Irreparable Harm ..... 4
III. Plaintiffs Will Be Substantially Prejudiced by a Stay ..... 5
IV. The Public Interest Disfavors Indefinite Stays That Reward Delay ..... 5
V. If The Court Were to Grant a Stay, It Should Still Provide for Limited Discovery ..... 6
CONCLUSION ..... 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bradberry v. T-Mobile USA, Inc.*,
No. C 06-6567 CW, 2007 WL 2221076 (N.D. Cal. Aug. 2, 2007) .................................... 5

*Calise v. Meta Platforms, Inc.*,
103 F.4th 732 (9th Cir. 2024) ........................................................................................... 1

*Dunson v. Cordis Corp.*,
No. 16-CV-03076-EMC, 2016 WL 10679457 (N.D. Cal. Nov. 8, 2016) ...................... 3, 4

*Evans v. Wal-Mart Stores, Inc.*,
No. CV 17-07641-AB (KK), 2019 WL 7169794 (C.D. Cal. Oct. 23, 2019)...................... 4

*Forrest v. Meta Platforms, Inc.*,
737 F. Supp. 3d 808 (N.D. Cal. 2024) ............................................................................... 2

*Greco v. Uber Techs., Inc.*,
No. 4:20-CV-02698-YGR, 2021 WL 134578 (N.D. Cal. Jan. 14, 2021) ....................... 4, 5

*In re Mayer*,
No. 20-CV-1369 TWR (JLB), 2020 WL 6708060 (S.D. Cal. Nov. 16, 2020).................. 6

*Leiva-Perez v. Holder*,
640 F.3d 962 (9th Cir. 2011) ............................................................................................ 3

*Manrique v. O'Keefe*,
No. 21-CV-08395-LB, 2022 WL 2116832, (N.D. Cal. June 13, 2022) ........................... 3

*Mohamed v. Uber Technologies, Inc.*,
115 F. Supp. 3d 1024 (N.D. Cal. 2015) ........................................................................ 5, 6

*Newmark Realty Capital, Inc. v. BGC Partners, Inc.*,
No. 16-cv-01702-BLF, 2018 WL 10701601 (N.D. Cal. July 16, 2018)............................ 4

**STATUTES**

28 U.S.C. § 1292(b) ............................................................................................................ 3

**RULES**

Fed. R. Civ. P. 26(f)(3)(C)................................................................................................... 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Meta's Motion to Stay Proceedings Pending Interlocutory Appeal (the "Motion") (Dkt. 98) asks this Court to impose an indefinite stay of all proceedings, including discovery, pending an appeal that, by Meta's own estimate, will not resolve until February 2027 at the earliest (*see* Motion at 1). Meta's estimate is neither a deadline nor a guarantee. Even accepting Meta's projected timeline at face value, it would delay this already five-year-old case by several additional months, despite the fact that no merits discovery has yet occurred.

As Meta acknowledges, Plaintiffs offered to stipulate to a stay in exchange for permission to pursue ***limited*** discovery while the appeal remains pending.[1] That offer was reasonable. Even if the Ninth Circuit disposes of Plaintiffs' breach of contract claim ("Contract Claim"), the claim for breach of the covenant of good faith and fair dealing ("Covenant Claim") would very likely survive. *See* Dkt. 62 (Order on Motion to Dismiss) at 10-11 ("A party can be liable for breach of the covenant 'whether or not it[s conduct] also constitutes a breach of a consensual contract term.'"). The discovery necessary to develop both claims would be largely the same. Moreover, the Ninth Circuit has already signaled its view that the contractual provisions at issue "manifest[] [ Meta's] intent to be legally obligated to 'take appropriate action' to combat scam advertisements." *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 743 (9th Cir. 2024). Some discovery is therefore likely to be necessary regardless of the appeal's outcome.

Here, Meta's burden arguments do not justify the complete stay it seeks. The Limited Discovery Plaintiffs seek would pose minimal burden on one of the largest social media companies in the world, particularly given that Meta is already producing similar discovery in other cases

[1] Plaintiffs proposed a modest and conventional path forward: serving initial document requests and meeting and conferring with Meta regarding (1) the custodians and document repositories to be searched, (2) the scope and relevancy of Plaintiffs' requests, (3) the categories of data Meta maintains that are responsive to those requests, (4) the structure of the databases housing that data, and (5) the search methodologies, including technology-assisted review and keyword searches, Meta intends to use in locating responsive documents (the "Limited Discovery"). *See* Dkt. 93.

arising from the same conduct. *See Forrest v. Meta Platforms, Inc.*, 737 F. Supp. 3d 808 (N.D. Cal. 2024) (the "*Forrest* Action") (alleging that Meta's advertising tools enabled scammers to run fraudulent cryptocurrency advertisements using the plaintiff's likeness). Moreover, Plaintiffs never requested that Meta produce a single document as part of this Limited Discovery, only that it identify what relevant documents it has, confirm they are being preserved, and discuss the mechanisms by which those documents will be collected and produced when appropriate.

On the other hand, a stay would prejudice Plaintiffs. A litigation hold cannot address all prejudice from delay, including fading memories, changes in personnel, or the difficulty of identifying and obtaining evidence from non-parties over time. Plaintiffs' request for basic guidance as to documents in Meta's possession would also inform their third-party discovery needs, a process that poses no additional burden on Meta yet grows harder to obtain with every passing day. Because Meta cannot meet its burden to justify a stay, and because the Limited Discovery Plaintiffs seek is not burdensome, the Court should deny the Motion in its entirety or, in the alternative, permit Plaintiffs to pursue limited discovery while the appeal remains pending.

## BACKGROUND

Following the Ninth Circuit's grant of the petition, the parties conferred regarding the scope of a potential stay and notified on March 25, 2026. Dkt. 92. The parties were unable to reach agreement, and on April 1, 2026, they filed a joint submission setting out their respective positions. Dkt. 93. Meta proposed deferring all discovery except for concluding negotiations over a protective order and ESI protocol and exchanging Rule 26(a)(1) Initial Disclosures. Plaintiffs proposed a modest and conventional path forward: agreeing to a stay, but conducting the Limited Discovery. *See id.*

On April 8, 2026, after reviewing the parties' joint submission, the Court ordered the parties to confer further and to fully brief a motion to stay, and separately ordered the parties to conclude their negotiations over the protective order and ESI protocol and to exchange Initial Disclosures. Dkt. 94. The parties have since completed their negotiations over the protective order

and ESI protocol (subject to certain disputes the parties have agreed to defer until after the appeal), and they exchanged Initial Disclosures on April 24, 2026.

## ARGUMENT

The mere pendency of an interlocutory appeal does not, standing alone, warrant a stay. *See* 28 U.S.C. § 1292(b). A stay is not a matter of right, and the party requesting one bears the burden of demonstrating that the circumstances justify an exercise of that discretion. *Manrique v. O'Keefe*, No. 21-CV-08395-LB, 2022 WL 2116832, at *2 (N.D. Cal. June 13, 2022). Courts in the Ninth Circuit evaluate a motion to stay pending appeal under a four-factor framework: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits of the appeal; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially injure the other parties; and (4) where the public interest lies. *Dunson v. Cordis Corp.*, No. 16-CV-03076-EMC, 2016 WL 10679457, at *1 (N.D. Cal. Nov. 8, 2016). The first two "factors" are the most important. *See Dunson,* 2016 WL 10679457, at *1.

### I. Meta Cannot Demonstrate a Likelihood of Success Sufficient to Justify a Stay

The first factor requires Meta to make a strong showing of likelihood of success on the merits of its appeal. *See Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Although the Ninth Circuit relaxes this standard somewhat, requiring only a "fair prospect" of victory or "serious legal questions" going to the merits (*id.* at 967), the question is not simply whether an interlocutory appeal was certified or accepted, but whether Meta is actually likely to prevail once the Ninth Circuit reaches the merits. Meta essentially argues that certification and the Ninth Circuit's acceptance of review satisfy the first factor. That conflation is misplaced. Treating § 1292(b) certification as sufficient grounds for a complete stay would conflate two distinct inquiries: certification permits appellate review, but it does not establish that Meta is likely to prevail, nor does it relieve Meta of its burden to show that a stay is warranted under the governing factors.

In any event, Meta's Motion acknowledges that a ruling in its favor could render only "some" claims moot, not all of them. Motion at 5. This is because even if the Ninth Circuit were

to hold that Meta's terms of service and community standards do not impose an affirmative obligation to combat scam advertisements, that would not dispose Plaintiffs' Covenant Claim, which this Court has already sustained on a separate, independent basis. *See* Dkt. 62. Accordingly, this factor weighs against a stay. *See Newmark Realty Capital, Inc. v. BGC Partners, Inc.*, No. 16-cv-01702-BLF, 2018 WL 10701601, at *4 (N.D. Cal. July 16, 2018) (fact that "the resolution of the parties' appeals would not likely dispose of the entire case" weighs against granting stay).

**II. Meta Faces No Irreparable Harm**

Meta's irreparable harm argument reduces to a single, familiar complaint: discovery is expensive and inconvenient. But that has always been true, and it is not sufficient to justify a stay. *See Evans v. Wal-Mart Stores, Inc.*, No. CV 17-07641-AB (KK), 2019 WL 7169794, at *4 (C.D. Cal. Oct. 23, 2019) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'" (cleaned up)); *see also Dunson*, 2016 WL 10679457, at *3. ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough."). To show irreparable harm, must demonstrate "probability," not merely "possibility," of irreparable injury. *Greco v. Uber Techs., Inc.*, No. 4:20-CV-02698-YGR, 2021 WL 134578, at *3 (N.D. Cal. Jan. 14, 2021) (finding that the time and expense of litigation does not constitute irreparable harm). Meta has failed to carry that burden.

Meta's characterization of Plaintiffs' proposed Limited Discovery as a "launch into full discovery" is inaccurate and misleading. Plaintiffs proposed targeted, preliminary discovery — not a wholesale opening of the discovery process. Moreover, Meta's argument about "discovery on discovery" misconstrues Plaintiffs' proposal. Requesting that Meta identify the data repositories housing relevant information is a threshold step that this Court's ESI protocol and the Federal Rules of Civil Procedure contemplate. *See* Fed. R. Civ. P. 26(f)(3)(C) (requiring Rule 26(f) conference to address "any issues about disclosure, discovery, or preservation of electronically stored information"). Plaintiffs seek nothing more than Meta is already obligated to discuss. Characterizing those obligations as "disfavored" does not relieve Meta of them.

Furthermore, given Meta's involvement and previous work in the *Forrest* Action,

Plaintiffs' limited discovery requests could be easily accommodated without any significant burden to Meta. Accordingly, this factor weighs against a stay.

**III. Plaintiffs Will Be Substantially Prejudiced by a Stay**

Meta dismisses Plaintiffs' potential prejudice in a single paragraph, however a complete stay of discovery and further delay will prejudice Plaintiffs. *See Greco*, 2021 WL 134578, at *3 (finding that delay would prejudice where the risk of evidence loss is thus substantial); *see also Bradberry v. T-Mobile USA, Inc.*, No. C 06-6567 CW, 2007 WL 2221076, at *4 (N.D. Cal. Aug. 2, 2007) (same).

Here, the risk of evidence loss is substantial, given the five years that have elapsed since the filing of the original complaint. Meta's reliance on a litigation hold does not fully answer Plaintiffs' prejudice concerns. Indeed, in the *Forrest* Action, the plaintiff filed a motion for sanctions arising from allegations concerning Meta's preservation of relevant evidence in that action. *See Forrest* Action, Dkt. 313. Moreover, a litigation hold preserves only documents in Meta's possession. It does not freeze the memories of third-party witnesses, preserve the availability of former Meta employees, or maintain the relevance of time-sensitive evidence regarding Meta's advertising review practices, which may evolve over time. *See Greco*, 2021 WL 134578 at *3 (denying stay where the "claims depend[ed] on the memories and testimony of Uber drivers, who may forget or become difficult to locate over time").

The limited discovery Plaintiffs seek also bears directly on their ability to pursue third-party discovery. Without basic information about the custodians, repositories, and categories of advertiser records Meta maintains, Plaintiffs cannot efficiently determine what evidence to seek from Meta and what must be obtained from non-parties. That uncertainty compounds the prejudice of delay and, for the reasons set forth above, weighs against a stay.

**IV. The Public Interest Disfavors Indefinite Stays That Reward Delay**

The public interest favors the speedy resolution of claims. *See Mohamed v. Uber Technologies*, Inc., 115 F. Supp. 3d 1024, 1035 (N.D. Cal. 2015). Here, Meta argues cursorily that a stay promotes judicial efficiency. Absent extenuating circumstances, however, the mere fact of

an interlocutory appeal does not weigh this factor in the moving party's direction. Indeed, if courts routinely stayed all proceedings pending § 1292(b) appeals, interlocutory certification would become a de facto tool for stalling litigation, a reward for successful certification petitions that would incentivize defendants to seek certification whenever possible. Congress structured § 1292(b) as an exceptional mechanism, not a routine one, and courts have cautioned that stays pending interlocutory appeals should not become automatic. *See In re Mayer*, No. 20-CV-1369 TWR (JLB), 2020 WL 6708060, at *3 (S.D. Cal. Nov. 16, 2020). This factor is neutral at best.

### V. If The Court Were to Grant a Stay, It Should Still Provide for Limited Discovery

Even if the Court concludes a stay is warranted, it should tailor any stay to preserve limited discovery planning. *See Mohamed,* 115 F. Supp. 3d at 1035 (allowing reasonable discovery to continue in order to "reasonably protects the interests of the Plaintiffs" and acknowledging that the defendant "would be required to engage in discovery irrespective of the outcome of its appeal").

The same logic applies here. Meta concedes its appeal may only moot the Contract Claim, meaning discovery as to the Covenant Claim will be necessary regardless of the outcome. The record does not support halting the conferral process Plaintiffs propose, which requires no document production, only to resume it many months later.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to Stay in its entirety. In the alternative, if the Court grants any stay, it should permit the Limited Discovery outlined here.

DATED: June 26, 2026

**LEVI & KORSINSKY LLP**

By: /s/ Mark S. Reich
Mark S. Reich (admitted *pro hac vice*)
Christopher V. DeVivo (admitted *pro hac vice*)
33 Whitehall Street, 27th Floor
New York, NY 10004
Telephone: 212-363-7500

Facsimile: 212-363-7171
Email: mreich@zlk.com
Email: cdevivo@zlk.com

Adam M. Apton (State Bar No. 316506)
**LEVI & KORSINSKY LLP**
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294
Email: aapton@zlk.com

*Attorneys for Plaintiffs and the Proposed Classes*

Joshua E. Fruchter (admitted pro hac vice)
**WOHL & FRUCHTER LLP**
25 Robert Pitt Drive, Suite 209G
Monsey, NY 10952
Telephone: (845) 290-6818
Facsimile: (718) 504-3773
Email: jfruchter@wohlfruchter.com

*Additional Counsel for Plaintiffs*