**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| CHRISTOPHER CALISE and ANASTASIA GROSCHEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 4:21-CV-06186-JSW<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT META PLATFORMS, INC.'S MOTION TO STAY PROCEEDINGS PENDING INTERLOCUTORY APPEAL**<br><br>Hearing Date: August 14, 2026<br>Time: 9:00 a.m.<br>Judge: Hon. Jeffrey S. White |

# ~~[PROPOSED]~~ ORDER

Before the Court is Defendant Meta Platforms, Inc.'s Motion to Stay Proceedings Pending Interlocutory Appeal. This Court has considered all papers and arguments submitted in support of and in opposition to the Motion, as well as the relevant legal authority and the record in this case. For the reasons set forth below, the Court GRANTS Meta's Motion and ORDERS that proceedings in this action be stayed until such time as the interlocutory appeal filed by Meta is resolved by the Ninth Circuit.

In exercising its discretion to stay proceedings, the Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011).

*First*, Meta has demonstrated a likelihood of success on the merits. On January 8, 2026, this Court certified two questions for interlocutory review: (1) whether Facebook's Terms of Service and Community Standards impose an affirmative obligation on Meta to combat purported scam advertisements, and (2) whether the Limitation of Liability Clause is unconscionable. Dkt. 83 at 1. In doing so, the Court acknowledged that these issues are "threshold legal questions" about which courts in this District "can and have actually disagreed." *Id.* at 3–4. On March 18, 2026, the Ninth Circuit granted Meta's petition for permission to appeal. This is dispositive under the first prong of the stay inquiry. *See Silbersher v. Allergan Inc.*, 2021 WL 292244, at *3 (N.D. Cal. Jan. 28, 2021) (finding the first prong satisfied "[f]or the [same] reasons discussed above in connection with the request to certify" under Section 1292(b)).

*Second*, Meta has demonstrated that it will be irreparably harmed absent a stay. If the Ninth Circuit resolves the appeal in Meta's favor, it will render some or all claims moot, and expending further resources on "substantial, unrecoverable, and wasteful" discovery during the pendency of Meta's appeal would irreparably harm Meta. *See Evans v. Wal-Mart Stores, Inc.*, 2019 WL 7169794, at *4 (C.D. Cal. Oct. 23, 2019). The discovery proposed by Plaintiffs—including negotiations

regarding custodians, the scope of discovery requests, database structures, and technology-assisted review methods—would impose substantial burdens on Meta that may ultimately prove unnecessary.

*Third*, Plaintiffs will not be substantially injured by a stay. Plaintiffs have not identified any specific witness or documentary evidence at risk of being lost. Further, this case has been pending for almost five years, and a litigation hold is already in place. The parties have also already concluded their negotiations over a protective order and ESI protocol, and exchanged Rule 26(a)(1) Initial Disclosures. A stay of the proceedings for approximately seven months—the anticipated duration of the appeal—does not constitute substantial injury.

*Fourth*, the public interest supports a stay. A stay pending appeal will preserve resources and promote judicial efficiency. This Court determined that resolving the "threshold legal questions" on appeal "would accelerate resolution of the case." Dkt. 83 at 3–4. The discovery proposed by Plaintiffs may serve no purpose if the Ninth Circuit reverses this Court's order on the motion to dismiss.

For the foregoing reasons, the Court GRANTS Meta's Motion and ORDERS that all proceedings in this action, including all further discovery, be stayed until such time as the Ninth Circuit resolves Meta's interlocutory appeal.

**IT IS SO ORDERED.**

Dated: June 30, 2026

Hon. Jeffrey S. White